333 A.2d 779

**COMMONWEALTH of Pennsylvania**

**v.**

**Henry GASTON, Appellant.**

**Appeal of Ronald J. BROCKINGTON, Esq.**

Supreme Court of Pennsylvania.

Submitted Jan. 17, 1974.

Decided March 18, 1975.

386

Harold L. Randolph, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

The appellant, Ronald J. Brockington, was retained as defense counsel by Henry Gaston, who was arrested and charged with the illegal possession and sale of narcotic drugs. Because appellant had just been retained, a preliminary hearing scheduled for June 30, 1972, was continued to August 23, 1972. On that date, and on three other dates during the following two months, the preliminary hearing was scheduled but did not take place because appellant was engaged in other trials or hearings. On each occasion, appellant submitted a "busy notice" to the court and continuances were granted. When the last continuance was granted, the case was marked "Must be tried at next listing by the defendant's attorney. No

further continuances allowed." The preliminary hearing was scheduled for November 13, 1972.

On that date, appellant was also scheduled to be in another nearby courtroom for a suppression hearing in a homicide case in which he had been appointed to represent the defendant. As he had done on previous occasions, appellant submitted a "busy notice" on November 13, 1972, informing the court before whom the preliminary hearing was scheduled that he was engaged in the suppression hearing in another courtroom. Sometime during that morning, the preliminary hearing judge spoke by telephone with the suppression hearing judge who verified that appellant would probably be engaged in the suppression hearing for two days. Later that morning, in response to a request from the preliminary hearing judge, appellant appeared before the preliminary hearing judge during a short recess in the suppression hearing. Appellant said he was ready to proceed that day if he were excused by the suppression hearing judge. When asked by the judge to explain why he had not given advance notice of his schedule conflict to the district attorney's office, appellant said that he had no knowledge of the listing of the preliminary hearing until he read of it that morning in the *Legal Intelligencer*. Appellant was then summarily convicted of direct criminal contempt of court and fined two hundred dollars. This appeal followed.

Appellant contends that his conduct was not contemptuous, but was in accordance with the prevailing practice of the Philadelphia courts with respect to conflicting engagements. Appellant argues that he did not receive a notice of the preliminary hearing rescheduled for November 13, 1972, and that it was not until that morning that he realized that he had a schedule conflict. He said it was not until the recess that he learned of the court's prior order that "no further continuances would be allowed." Appellant asserts that since he had already

388

been attached to try the homicide case, and since there was no attachment outstanding in this case, he filed a "busy notice" in the latter courtroom as he had done previously.

"A direct criminal contempt consists of misconduct of a person in the presence of the court, or so near thereto to interfere with its immediate business, and punishment for such contempts may be inflicted summarily." *Knaus v. Knaus*, 387 Pa. 370, 375, 127 A.2d 669, 671 (1956).

In the present case the trial court based its conviction on a finding that appellant, as an officer of the court, breached his "duty to take all reasonable affirmative steps to aid the court in the adjudication of matters in which he is a counsel of record." This broad obligation was interpreted and applied to mean that appellant was under a duty to ascertain the full result of his application for a continuance of the hearing on October 12, 1972. The trial court held that appellant "knew or should have known" that the case was listed for that day and that he breached his duty to the court by not notifying the court and opposing counsel, in advance, of his unavailability.

In civil contempt cases, we have held that before a defendant may be cited for contempt of an order of court, it must be shown that he had actual knowledge of the order and that the order was specific and definite. *East Caln Township v. Carter*, 440 Pa. 607, 269 A.2d 703 (1970). While we have never had occasion to specifically apply this standard to cases of criminal contempt, surely no lesser standard should prevail when the offender is accused of violating a court order, rule of court, or other course of conduct previously prescribed by the court. In Levine Contempt Case, 372 Pa. 612, 622, 95 A.2d 222, 227 (1953), we held that a district attorney was not in contempt " . . . merely because both he and his Assistant were engaged in the performance of

their duties in the one courtroom instead of providing a district attorney for the work also in the other, there being nothing in the record to indicate that he had been previously instructed in regard to the arrangement of the court's business for that particular day or that he deliberately intended to refuse assistance to the work in [the courtroom from which he was absent]."

In the present case there is no indication that the trial court ever issued a court order or adopted a rule of court setting forth the duties and responsibilities of attorneys with regard to continuances and conflicting engagements. There is no allegation or finding that appellant's conduct was other than in accordance with the customary practice of attorneys before the Philadelphia court at that time. On previous occasions appellant submitted "busy notices" on the date listed for the hearing, and each time the court granted a continuance. At no time was the appellant personally instructed or notified that he was not following the customary practice. Under these circumstances, it was not established that appellant had actual knowledge that his conduct was at variance with his responsibilities to the court. Absent such knowledge, appellant's conviction of direct criminal contempt cannot be sustained.

Judgment of sentence reversed.

EAGEN, J., concurred in the result.

POMEROY, J., filed a dissenting opinion in which JONES, C. J., and O'BRIEN, J., joined.

POMEROY, Justice (dissenting).

The findings of fact of the trial judge were sufficient, in my view, to sustain the conclusion that appellant had been guilty of misconduct which amounted to contempt of court. I would therefore affirm the order appealed from, and must dissent from this Court's reversal.

JONES, C. J., and O'BRIEN, J., join in this dissent.