384 A.2d 962

**COMMONWEALTH of Pennsylvania**

v.

**Franklin TRIVELLI, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 23, 1977.

Decided April 13, 1978.

John Alan Havey, Aliquippa, for appellant.

Keith D. McMillen, Assistant District Attorney, and Joseph S. Walko, District Attorney, Beaver, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On December 3, 1975 appellant was arrested and charged with manufacture of a controlled substance and possession of a controlled substance (marijuana).[1] He was convicted in a jury trial. Post-verdict motions were timely filed and denied, and he was sentenced to four years' probation on the manufacture charge. Sentence was suspended on the possession charge.

Appellant contends that the court below erred in refusing to quash the indictment for manufacture because the magistrate, following the preliminary hearing, did not hold him for court on the manufacture charge. The preliminary hearing transcript bears him out: in it he is held for court on the possession charge and it fails to mention the manufacture charge.

On the day before the scheduled trial date, counsel moved to quash the indictment. He sought to justify the lateness of his motion by explaining that the notice of presentment to the grand jury and the notice of indictment only mentioned the possession charge. He stated he had not become aware until the previous day that the indictment itself included two charges and this had only come to his attention during plea discussions with the prosecutor. The court denied the motion to quash as untimely, citing Pennsylvania Rule of Criminal Procedure 305, which states in pertinent part:

"Except as provided in these Rules, no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application."

Counsel's attempt to invoke the part of the rule allowing *nunc pro tunc* pre-trial motions met with the following response from the court:

"We have examined the notices [of presentment and of indictment] and they state, in both instances, 'General

1. Act of April 14, 1972, P.L. 233, No. 64, § 13, 35 P.S. § 780–113.

Narcotic Law Violation,' and underneath on the next line, 'Possession of a Controlled Substance.' It strikes us as indicating two offenses."

■ The language quoted by the court does not impress us as indicating that appellant was charged with manufacturing a controlled substance, especially in light of the language of the magistrate's transcript. The statement of counsel for appellant that he was unaware of the manufacture charge until his discussion with the prosecutor was made in the presence of the prosecutor and was uncontradicted by the latter. It is apparent from the record and from the lower court's opinion that the court accepted the statement as true, but denied relief on the theory that counsel should have known of the charge. We think counsel's reasonable, although erroneous, assumption that the notice of presentment and the notice of indictment accurately represented the contents of the indictment was a sufficient excuse for missing the ten-day deadline for motions to quash. Because counsel was not aware of the grounds for the motion, the situation came within the exception provided by Rule 305.

Turning to the merits of the issue, we also agree with appellant that the indictment should have been quashed as to the manufacture charge.

As we noted earlier, the preliminary hearing transcript does not mention the magistrate's disposition of the manufacture charge.[2] The ambiguity arising from a comparison of the transcript with the complaint was one amenable to correction under Pa.R.Crim.P. 147, which provides:

"The issuing authority may make any proper amendment, additions or corrections to the transcript before it is returned to court. After the transcript has been returned, amendments, additions or corrections can be made to the transcript only upon application filed and permission

2. Pa.R.Crim.P. 146 requires the magistrate to prepare a transcript containing all the information required to be recorded on his docket under Pa.R.Crim.P. 26. The latter rule requires that the docket list all charges set forth in the complaint.

granted by the court, and, then, only to perfect the record to conform to the facts of the case."

If the prosecutor could prove that the magistrate had intended to hold appellant on the manufacture charge, and that his failure to do so was an oversight (which the Commonwealth now asks us to assume), the prosecutor could have sought to seek the court's permission to amend the transcript. The Commonwealth, as the party claiming to be aggrieved by the omission, had the burden of correcting it. In similar situations arising under Pa.R.Crim.P. 148, which provides for the issuance of a subpoena to compel the transmission of a transcript when the magistrate refuses or fails to transmit one, the rule is intended to assist the prosecutor and places no duty on a defendant to seek transmission. *Commonwealth v. Ruzicka*, 64 Pa.D. & C.2d 409 (1973). We see no reason why a different result should obtain where the problem is the absence of a particular charge in a transcript rather than the complete absence of a transcript.

Pennsylvania law is clear that, with a few exceptions not material here, a preliminary hearing is a prerequisite to an indictment, and that this requirement applies separately to each charge. *Commonwealth v. Nelson*, 230 Pa.Super. 89, 326 A.2d 598 (1974). Implicit in this principle is a requirement that the defendant must have been held for court as to each charge for which his indictment was sought. The remedy, as we stated in *Nelson*, is to quash the indictment.

The only assignments of error affecting the remaining charge, simple possession, are devoid of merit. Accordingly, we will affirm as to that count. (Appellant does not contend that the presence of the manufacture charge prejudiced him as to the possession charge.)

The judgment and sentence for manufacturing marijuana are reversed, the indictment is quashed, and the defendant is discharged as to that offense; the judgment for possession

of marijuana is affirmed and the case is remanded for imposition of sentence on that count.[3]

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

3. When the invalidity of a conviction on one count which may have influenced the sentence of another count becomes apparent on appeal, the proper course is to vacate the sentences and to remand for resentencing on the valid counts without consideration of the invalid ones. *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977). *Bailey* also made clear that this rule cuts both ways: it applies even where it results in a sentence being imposed on a charge on which a defendant previously received no sentence. Only an increase in the overall sentence on the indictment is prohibited.