## Commonwealth v. Chapman

*Robert D. O'Connor, Jr., assistant district attorney,* for the Commonwealth.
*Martha R. Smith,* for defendant.

BROWN, *P.J.,* December 28, 1983—On April 26, 1983, defendant was arrested by Officer Wayne Williams of the Bald Eagle Township Police Department and charged with the offense of driving while his operating privileges were suspended or revoked. Specifically the citation charged defendant with a violation of § 1543(a) and following a summary conviction hearing the docket transcript of the district justice indicates that defendant was found guilty of violating § 1543(a). It appears however that the district justice in levying a fine and sentence of imprisonment imposed the sentence under the authority of § 1543(b) of the Vehicle Code. There is no indication in the record that the citation that was filed against defendant at the scene was ever amended by the Commonwealth to include the offense under § 1543(b).

The essential distinction between an offense under § 1543(a) and § 1543(b) relates to whether or not the suspension is connected with the offense of driving under the influence of alcohol. Specifically those sections provide:

"(a) Offense defined. — Except as provided in subsection (b), any person who drives a motor vehicle on any highway or traffic way of this Commonwealth at a time when their operating privilege is suspended, revoked or recalled is guilty of a sum-

mary offense and shall upon conviction, be sentenced to pay a fine of $200.

"(b) Certain Offenses. — Any person who drives a motor vehicle on any highway or traffic way of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of accelerated rehabilitative disposition for a violation of §3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of §1547(b)(a) (relating to suspension for refusal) or §3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and undergo imprisonment for a period not less than 90 days."

It can be readily seen that a conviction under subsection (a) calls for a mandatory fine of $200 whereas a conviction under subsection (b) calls for a mandatory fine of $1,000 and a sentence of imprisonment of 90 days.

At the time of his arrest in these proceedings defendant had been convicted of driving under the influence on November 22, 1982. Following a certification of that conviction, PennDOT suspended his operating privileges effective December 14, 1982 for six months. At the time of this §3731 suspension defendant was experiencing two other indefinite suspensions.

Defendant has argued that his conviction should come under subsection (a) inasmuch as his license was on April 26, 1983 suspended indefinitely as a result of prior offenses and his failure to pay the fines associated therewith, and that accordingly, his driving under the influence conviction of November 22, 1982 had not yet resulted in a suspension of his operating privileges for that offense. In effect, he is arguing that any suspension of his operating privi-

leges for the November 22, 1982 driving-under-the-influence conviction had not yet taken place.

After reviewing defendant's driving record as maintained by the Commonwealth, the court rejects his position as to whether the driving-under-the-influence suspension was in effect on April 26, 1983. As a result of an extensive violation record defendant's operating privileges were considered by the department to be under three different suspensions on April 26, 1983. Segment one of this suspension was of indefinite duration and resulted from his failure to pass a special driver's test under §1538(a) of the Vehicle Code. This suspension began on January 16, 1981 and was still in effect on April 26, 1983. Segment two of his suspension was also of indefinite duration and arose from his failure to respond to a citation issued on June 6, 1980. Segment two began on January 28, 1981 and was still in effect on April 26, 1983. Segment three of the suspension was a six-month suspension for a violation of §3731 (Driving Under the Influence) of the Vehicle Code. This suspension became effective on December 14, 1982 and would have expired on June 15, 1983.

Thus it is manifest from defendant's driving record as maintained by the department that his license was in a state of suspension on April 26, 1983 as a result of a §3731 violation, and as such he was subject to a charge of violating §1543(b) on that date. The question then arises as to whether he was ever charged with this violation, As previously noted, defendant was intially charged with a violation of §1543(a) and that charge has remained intact throughout the proceedings with no effort on behalf of the Commonwealth to amend the citation to charge a violation of §1543(b). Under these circumstances the court cannot assume a

prosecutorial role and gratuitously amend the citation to reflect the more serious charge. Accordingly, defendant will be found guilty of the charge brought against him under §1543(a).

## ORDER

And now, December 28, 1983, based upon the foregoing opinion, the court finds defendant guilty of violating §1543(a) of the Vehicle Code, and it is the sentence of the court that defendant pay the statutorily mandated fine of $200 and the costs of prosecution. This sentence shall become effective 11 days following the filing of this order unless defendant files timely post-trial motions as provided by Pa.R.Crim.P. 1123.