500 A.2d 98

**COMMONWEALTH of Pennsylvania**

**v.**

**Byron HARVIN, a/k/a Willie Harvin, a/k/a Tim Harvin, a/k/a Willie Brown, Appellant.**

Superior Court of Pennsylvania.

Submitted May 13, 1985.

Filed Oct. 4, 1985.

577

Mitchell A. Kaufman, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is a direct appeal from the judgment of sentence imposed on appellant following his conviction for retail theft. He contends that his offense was improperly graded as a third degree felony. We disagree and affirm.

578

On January 20, 1984, appellant was arrested and charged with retail theft. The criminal complaint filed by the Pittsburgh Police specifically charged, *inter alia,* that:

said actor having been convicted of retail theft twice before, 4/13/76 MAG. GIVENS 1YR. PROBATION, 2/10/83 MAG. LITTLE 30 DAYS. in violation of Section 3929(a)(1) & (b)(1)(iv) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 of Pa.C.S. § 3929 (a)(1) & (b)(1)(iv).

Section 3929 (b)(1)(iv) of the Crimes Code provides that:

Retail theft constitutes a [f]elony of the *third degree* when the offense is a third or subsequent offense, regardless of the value of the merchandise. (Emphasis added.)

A preliminary hearing was held on January 30, 1984, which resulted in appellant being bound over for trial. The docket transcript, as returned by the district justice, notes that appellant was charged with "Retail Theft" under Section "CC3929 (biv) [sic]". In the space provided on the transcript form to show the grade of the offense charged the abbreviation "M2" is inserted. In the space designated for disposition of the charge, the district justice inserted the designation "HLD/CT".

On February 23, 1984, the Commonwealth filed a criminal information charging appellant with "RETAIL THEFT Felony 3." The information further stated, *inter alia:*

said actor having been convicted of retail theft twice before, in violation of Section 3929 (a)(1) & (b)(1)(iv) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 3929 (a)(1) & (b)(1)(iv).

The record reflects that appellant received a copy of the information.

On May 7, 1984, appellant filed a motion to quash the information alleging that "the evidence presented at the preliminary hearing did not substantiate the grading of the offenses as currently listed by the District Attorney" and that "[d]ifferent facts have been adopted in the Criminal

Information than were at the preliminary hearing." The trial court, following argument, denied the motion. Judge Novak concluded that the "inconsistency" in the grading of the charge in the transcript was solely the result of a "clerical error." He further held that there was no evidence to support appellant's contention "that the issuing authority intended to reduce the charge from a felony three to a misdemeanor two."

On July 6, 1984, appellant was found guilty of retail theft following a non-jury trial. Appellant filed a motion in arrest of judgment which was denied. On September 19, 1984, the trial court sentenced appellant to two to four years imprisonment, plus a 6.25 cent fine, and payment of the costs of prosecution.

On appeal appellant presents one issue for review:

Was it improper for the court below to fail to quash a criminal information charging Mr. Harvin with retail theft as a third degree felony when the grading of the offense was reduced to a second degree misdemeanor at a preliminary hearing?

He does not challenge the sufficiency of the evidence *at trial and sentencing* to support his conviction for retail theft or its grading as a third degree felony.

Appellant has maintained in his motions and argued before our Court that the district justice intentionally, consciously, and properly reduced the grading of the offense to a second degree misdemeanor, and that therefore appellant was improperly charged with, tried for, and convicted of a third degree felony. Appellant has requested that we either reverse the trial court's order denying his motion to quash the information or send the case back to the trial court for an evidentiary hearing to determine whether the district justice intentionally and with reason, graded the offense as "M2". There is no merit to either argument.

Appellant's first argument, that the district justice intentionally reduced the grade of the offense charged to a second degree misdemeanor and held him for court only on

that degree of retail theft, is not supported by the record in this case. The complaint clearly charged appellant with a felony of the third degree on the basis of two prior convictions. On the docket transcript, in his designation of the statutory authority for the charge, the district justice inserted "§ 3929 (biv)" which is obviously a reference to § 3929(b)(1)(iv). That, as already indicated, is the subsection of the Crimes Code which grades retail theft as a felony of the third degree when it is the accused's third or subsequent conviction.

Appellant's argument in this regard is based solely on the designation "M2" entered by the district justice as the grade of the offense charged in block 28 of the docket transcript. That block, however, refers to the charge or charges as filed and contained in the complaint. See Pa.R. Crim.P. 26(b)(4). The designation "M2" is not a part of block 31 which is where the district justice indicates the disposition of each charge. Obviously, the district justice's grading of the offense in block 28 is contrary both to the complaint as filed and his own designation of the subsection of the Crimes Code under which the charge is authorized. As the trial judge concluded, there is nothing in either the complaint or the transcript to indicate that the issuing authority had any intention of reducing the charge contained in the complaint when he bound appellant over for trial. We agree with the trial court that it is clear upon close analysis of the docket transcript that the designation "M2" was strictly a clerical error in describing the grade of the crime charged in the complaint. As such, it does not refer to the magistrate's disposition of the case following the preliminary hearing and does not support the argument that he deliberately reduced the grade of the offense. Compare *Commonwealth v. Barnosky*, 264 Pa.Super. 443, 400 A.2d 168 (1979) and *Commonwealth v. Trivelli*, 253 Pa.Super. 34, 384 A.2d 962 (1978).

The appellant argues in the alternative, however, that we should remand the case to the trial court for the purpose of holding an evidentiary hearing to determine whether the

Commonwealth failed, at his preliminary hearing, to present sufficient evidence to prove his two prior convictions and whether, for that reason, the magistrate downgraded the charge from a felony of the third degree to a misdemeanor of the second degree. However, such an evidentiary hearing is unnecessary because, even if appellant's contention is correct, it does not entitle him to relief, either by way of dismissal or a new trial.

Appellant has misconstrued the function and importance of the preliminary hearing. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention. *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975). Appellant has not at any time alleged that he was unlawfully arrested or detained. The preliminary hearing is not a trial. Its purpose is to determine whether a sufficient case has been made out to hold the accused for prosecution. *Commonwealth v. Smith,* 232 Pa.Super. 546, 334 A.2d 741 (1975). The Commonwealth has the burden, at a preliminary hearing, to establish a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991 (1983), *Commonwealth v. Lynch,* 270 Pa.Super. 554, 411 A.2d 1224 (1979). It is not necessary, of course, that the Commonwealth prove, at the preliminary hearing, the accused's guilt beyond a reasonable doubt. *Commonwealth v. Lodise,* 276 Pa.Super. 484, 419 A.2d 561 (1980). In order to meet its burden at the preliminary hearing, the Commonwealth is required to present evidence with regard to each of the *material elements* of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense. *Commonwealth v. Wojdak, supra.*

The district justice is not required, nor is he authorized, to determine the accused's guilt or innocence of the charge at a preliminary hearing. He is only to determine whether probable cause exists to require the accused to stand trial on the charge or charges contained *in the*

*complaint.* Once he has made that determination, he has only to hold the accused for trial on the charge in the complaint or dismiss the charge. In this case, there is no claim that the evidence produced before the district justice did not establish probable cause to hold the accused for trial on the charge of retail theft. Once that determination was made by the district justice, it was not necessary for him to decide whether the accused might be guilty of a felony in the third degree or a misdemeanor of the second degree. As the docket transcript in this case shows, he found sufficient probable cause to bind the appellant over for trial on the crime of retail theft as charged and he so indicated.

 The prior offenses utilized in grading the crime of retail theft do not constitute a substantive element of the crime. It is not necessary, therefore, that they be established, either at trial or at the preliminary hearing. Such evidence shall be introduced for sentencing purposes only. *Commonwealth v. Coleman,* 289 Pa.Super. 221, 433 A.2d 36 (1981). If the complaint and information contain allegations of two or more prior convictions for retail theft, the defendant is put on notice that, if convicted, he may be sentenced for a felony of the third degree. *Commonwealth v. McNeill,* 293 Pa.Super. 319, 439 A.2d 131 (1981); *Commonwealth v. Longo,* 269 Pa.Super. 502, 410 A.2d 368 (1979). In fact, at the trial on the charge of retail theft, the Commonwealth is prohibited from presenting evidence of prior convictions referred to in the information for the purpose of grading the offense. *Commonwealth v. Coleman, supra.* It would be anomalous, to say the least, to prohibit the Commonwealth from producing evidence at trial of the prior convictions and yet hold that at an accused's preliminary hearing the prior convictions must be proven in order to establish the appropriate grading of the offense for which the accused could be tried. Such is not the law. It is only necessary that the accused be put on notice that the Commonwealth ultimately, in the event of his conviction, will seek to have him sentenced for a third degree felony.

At the core of the rules concerning what is required in the complaint, docket transcript, and information, is the requirement of notice. Appellant, in this case, was not deprived of notice that he could be sentenced for a third degree felony because his offense was graded as such on both the complaint and the criminal information. *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 420 A.2d 647 (1980).

The four cases cited and relied upon by appellant do not support his arguments. In *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 420 A.2d 647 (1980), the issue concerned the sufficiency of the evidence at the preliminary hearing to establish a *prima facie* case on the charge of homicide by vehicle. The trial court held that the evidence was insufficient but this Court concluded that the evidence at the preliminary hearing was sufficient to establish a *prima facie* case and reversed. Both *Commonwealth v. Gray*, 329 Pa.Super. 347, 478 A.2d 822 (1984) and *Commonwealth v. Neal*, 274 Pa.Super. 225, 418 A.2d 378 (1980), involved amendments, during trial, which changed the *elements* of the particular charge contained in the information. Obviously that is not the case here. None of those three cases were concerned with retail theft or its grading as a second or third offense.

In *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979), the Commonwealth filed an information charging the accused with retail theft. Prior to trial, the Commonwealth was granted leave to amend the information by adding notice that the offense charged was the accused's "second offense". On appeal from the sentence imposed, this Court reversed and the appellant was discharged. That case, of course, is distinguishable in that it involved the *amendment of an information after it was filed.* In the case before us, there was no amendment or change of the information or complaint as initially filed. On the contrary, the information, as filed, clearly charged that, if convicted, this would be appellant's third offense and put him on notice that, if convicted, he may be sentenced for a felony

of the third degree. In *Herstine,* the Court concluded that it was necessary to aver in the information, as initially filed, the accused's prior conviction. That was done in this case. *Herstine* does not deal with the question involved herein; that is, whether the Commonwealth must present evidence, at the preliminary hearing, of appellant's prior convictions in order to warrant holding him for court on the charge of retail theft. We hold that it is unnecessary to present such evidence at the preliminary hearing and the holding in *Herstine* is not contrary thereto.

For the above-stated reasons, the judgment of sentence is affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I agree with the majority that the trial court did not err when it denied appellant's motion to quash the information. I also agree that appellant had notice of the offense for which he was to be tried, for the information charged specifically that his retail theft was a third or subsequent offense. A remand to determine the sufficiency of the Commonwealth's evidence at the preliminary hearing to show a felony of the third degree is unnecessary. The appellant, on appeal, has not challenged the sufficiency of the evidence at trial and at the sentencing hearing to support a judgment of sentence for retail theft, a felony of the third degree. Because the evidence produced in the trial court was sufficient to establish appellant's guilt beyond a reasonable doubt, the sufficiency of the evidence to establish a prima facie case at the preliminary hearing is now moot. See: *Commonwealth v. Hess,* 489 Pa. 580, 590, 414 A.2d 1043, 1048 (1980) (Roberts, J., concurring); *Commonwealth v. Thomas,* 345 Pa.Super. 211, 215, 497 A.2d 1379, 1381 (1985). See also: *Commonwealth v. Krall,* 452 Pa. 215, 219, 304 A.2d 488, 490 (1973). Therefore, I agree that the judgment of sentence should be affirmed.