## Commonwealth v. Moody

*Jonelle L. Harter, assistant district attorney,* for the Commonwealth.

*Gregory E. Gettle,* for defendant.

CASSIMATIS, *J.,* July 19, 1993—Testimony was taken in a hearing de novo on the summary conviction appeal of the defendant, Richard L. Moody, on the charge of harassment under Pennsylvania Crimes Code §2709(1). At the conclusion of the testimony, the court reserved decision and directed counsel to brief the issue of whether the charges should be dismissed in view of the fact that the alleged incident occurred on November 30, 1983. The citation was filed on January 13, 1984, and the hearing before the district justice did not take place until December 15, 1992. The court directed counsel to brief the issue which has been done. The charge will be dismissed.

The defendant, Richard L. Moody, had an encounter with the alleged victim, Timothy Lee Cassel, on November 30, 1983. Trooper Foreman of the Pennsylvania State Police took a report on the incident on December 1, 1983 and interviewed the defendant concerning the incident. On January 13, 1984, a citation on the charge of harassment was filed with District Justice Paul A. Walters. The docket

transcript from the district justice states that a summons was issued on January 16, 1984 but was not delivered to the defendant.[1]

On January 30, 1984, a warrant was issued to Trooper Foreman. He testified at the trial that because of a "mixup" as to whether a constable or a police officer should serve the arrest warrant of the defendant, the warrant was not served.[2]

The district justice's docket transcript also shows that on November 6, 1992 the defendant requested a summary trial and posted security in the sum of $178.55; a notice of the trial was mailed to the defendant on November 16, 1992 fixing the time for the trial to December 15, 1992; and the trial was held on December 15, 1992. He was found guilty and having posted $178.55 as collateral, the balance of $24.42 "must be paid in full by December 27, 1992." Defendant was also advised of his right to appeal, and on January 4, 1993, notice of the appeal was received from the clerk of courts office.[3]

---

1. In the Commonwealth's brief it is alleged that the defendant was sent a summons via certified mail on January 13, 1984 for which Rose Moody signed on January 16, 1984. This allegation is not supported by the docket transcript of the district justice or by any testimony at the trial.

2. Defendant in his brief alleges that on August 18, 1992, another arrest warrant was issued to Trooper Foreman for this offense. There is nothing in the docket transcript or the testimony of the case to support this allegation.

3. The docket transcript indicates the date of the decision of the district justice as January 4, 1993 which would seem to conflict with the recital that he was found guilty at the hearing on December 15, 1992. We have used the December 15, 1992 date as the date of the decision.

We find from the testimony at the trial that the defendant lived at the same residence from the date of the alleged offense, November 30, 1983 up to the date of the summary trial, although at one point during the 8 1/2 year period between the time of the filing of the complaint and the hearing, his mailing address changed from a post office box to a street address due to requirements of the municipality. The defendant also maintained the same place of employment throughout the same period.

While it is of course clear that Pa.R.Crim.P. 1100 relating. to prompt trial does not apply to a summary offense, *Commonwealth v. Myers,* 15 D.&C.3d 423 (1980), it is our view that this does not do away with the basic right of a defendant to a speedy trial which is a basic concept of our system of justice. *Commonwealth ex rel. Smith v. Patterson,* 409 Pa. 500, 187 A.2d 278 (1963).

"Persons who are accused of crime should be brought to as speedy a trial as the exigencies of their case demand. This is a right guaranteed by our Constitution. The court which is charged with the responsibility of administering criminal law should not be hindered in its effort to bring the case of an accused to a speedy trial. It should not permit any but a just and sufficient cause to delay the trial...." *Commonwealth v. Hilbert,* 190 Pa. Super. 602, 155 A.2d 212 (1959), *cert. den.,* 364 U.S. 839, 81 S.Ct. 76, 5 L.Ed.2d 63 (1960).

Although the foregoing cites involve charges more serious than summary conviction, we see no reason not to apply the principles enunciated therein to summary offenses.

In the same vein, we consider the ABA Standards for Criminal Justice, speedy trial, 12-2.1, where it is

pointed out the principles relating to speedy trial set forth in *Barko v. Wingo,* 407 U.S. 514 (1972) do not involve an approach to a speedy trial based on a rigid length of time as constitutionally required. Instead, the United States Supreme Court adopted a test balancing four factors: (1) length of delay; (2) reasons for prosecution assigns for delay; (3) whether the defendant asserted the right; and (4) prejudice to defendant. The court held that states were free to "prescribe a reasonable period consistent with constitutional standards." Of course, Pennsylvania did this in Rule 1100 which as we noted does not apply to summary offenses.

However, the above principles, in our view, do require application and we conclude, the length of the delay in the instant case of over 8 years and the reasons the prosecution assigns for delay, the "mixup" between the state trooper and the constable as to who should have served the arrest warrant, are so overriding that defendant's raising this issue, even with a suggestion by the court this is an issue, that the defendant's right to a speedy trial has not been met without the necessity of showing any specific prejudice. Accordingly, we adjudge the defendant not guilty and dismiss the charge.