LLOYD, INC., Appellee

v.

MICROBYTES, INC., Appellant.

Superior Court of Pennsylvania.

Argued March 15, 2007.

Filed July 9, 2007.

Allan J. Opsitnick, Pittsburgh, for appellant.

Joseph L. Orszulak, II, Pittsburgh, for appellee.

BEFORE: JOYCE, BENDER and KELLY, JJ.

OPINION BY BENDER, J.:

¶ 1 This is an appeal from an order denying a petition to appeal from an award of a magisterial district judge *nunc pro tunc*. Although Appellant has failed to include a statement of the questions involved, as Pa.R.A.P. 2116 requires,[1] it appears that Appellant's contention is that the court erred in disallowing his appeal from the award of the magisterial district judge as his appeal was, in fact, timely. Since we are unpersuaded by Appellant's argument, we affirm.

¶ 2 Sometime prior to May 2, 2006, Appellee filed a suit against Appellant for money damages in the magisterial district court. On May 2, 2006, the two parties appeared in magisterial district court for a hearing; neither was represented by counsel. At the conclusion of the hearing, the district judge did not announce a decision and the parties left without hearing the court's decision/award. Instead, notice of the court's decision was provided by mail, on a pre-printed form which, presumably, was mailed the following day. It is not disputed that a printed form entitled "Notice of Judgment/Transcript Civil Case" was mailed to both parties.[2] The form was essentially a copy of the judgment and reads, in pertinent part, "(date of judgment)", followed by the typed in date "5/02/06." Near the bottom of the form in spaces designated for a date and a signature, the date "5-2-06" is handwritten and the signature space bore the handwritten signature of the magisterial district judge. At the very bottom of the form the following was typed: "Date Printed: 5/03/06 1:17:30 PM."

¶ 3 On June 2, Appellant, through counsel retained that day, attempted to file an appeal from the award in the Court of Common Pleas of Allegheny County. However, the prothonotary's office refused to accept the appeal asserting that the date of entry of judgment was May 2, 2006. Since the month of May has 31 days, June 2, 2006, was the 31st day from entry of judgment. Counsel responded to

---

1. Pa.R.A.P. 2116 provides:
   **Rule 2116. Statement of Questions Involved**
   (a) **General rule.** The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

2. Appellant contends that the notice of judgment was received on or about May 5, 2006. Appellant's Brief at 4.

the above situation by promptly filing a "Petition to File an Appeal from District Magisterial Judge *Nunc Pro Tunc*" in the Court of Common Pleas of Allegheny County. After argument, the Honorable Stanton R. Wettick of the Allegheny County Court of Common Pleas denied Appellant's petition agreeing with the prothonotary that the appeal period ran from the date the magisterial district judge signed the judgment, May 2, 2006, and not the day that notice of the award was processed. The present appeal followed.

■ ¶ 4 The question the present appeal requires us to answer is: is a judgment in magisterial district court "entered" when the judgment form is signed by the magisterial district judge, or when notice of the judgment is printed out and the process of providing notice is initiated? We conclude that the answer is the date the judgment form is signed by the magisterial district judge.

¶ 5 The operative rule appears clear enough; an appeal may be taken from a judgment entered in magisterial district court within 30 days of "entry of judgment." Pa.R.C.P.D.J. 1002.[3] Unlike the Court of Common Pleas, in a magisterial district court, there is no docket to which entries are recorded, so as to represent an official record of actions taken. In magis-

terial district court, sometime after the conclusion of the hearing, the magisterial district judge reaches a decision and then records the award/judgment on a pre-printed judgment/transcript form. The magisterial district judge also signs and dates the award/judgment. Sometime after the above step is taken, a copy of the award/judgment is mailed to the parties to provide official notice of the court's decision and judgment.

¶ 6 In the present case, the first step, the recording of judgment/signing the judgment, occurred on May 2, 2006, as evidenced by the magisterial district judge's signing of the judgment form and dating it May 2, 2006. However, the giving of notice was apparently not initiated until a day later, on May 3, 2006, as reflected by the notation "date printed" on the notice of the judgment form. Appellant contends that a judgment in magisterial district court is entered when the notice of judgment is printed and the notification process is initiated, not when the magisterial district judge signs and dates the award/judgment. We cannot agree.

¶ 7 As noted above, there is no "docket" in magisterial district court. The signed judgment/transcript acts as the "record" of the proceedings.[4] Thus, using a common sense viewpoint, "entry" of judgment must

**3.** The full text of the rule follows:

**Rule 1002. Time and Method of Appeal**

A. A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal therefrom within thirty (30) days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator together with a copy of the Notice of Judgment issued by the magisterial district judge. The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than thirty (30)

days after the date of entry of the judgment without leave of court and upon good cause shown.

**4.** Some of our opinions have referred to the transcript as a "docket transcript," *Commonwealth v. Harvin*, 346 Pa.Super. 575, 500 A.2d 98 (1985), or "transcript of the docket." *Commonwealth v. Gussey*, 319 Pa.Super. 398, 466 A.2d 219 (1983). Thus, our opinions have essentially equated the transcript as the "docket" for matters in magisterial district court. *In accord, Commonwealth v. Moody*, 21 Pa. D. & C.4th 373 (Com.Pl.York Co.1993), *Commonwealth v. Chapman*, 39 Pa. D. & C.3d 360 (Com.Pl.Clinton Co.1983).

be construed to occur simultaneously with recordation of the judgment on the pre-printed judgment/transcript form. In this case, that occurred on May 2, 2006, not May 3, 2006.

¶ 8 The trial court notes in its opinion that the prior version of the rule in question utilized the term "date of the judgment," to define the starting of the appeal period whereas the current version utilizes the term "date of entry of judgment." Trial Court Opinion (T.C.O.), 9/21/06, at 4. The trial court concludes that the change was only "stylistic," and did not alter the operation of the rule. We are inclined to agree. Since the change in the wording of the rule did not correspond with the creation of a docket for magisterial district courts, there is nothing to actually enter the judgment upon, aside from the judgment/award form and/or transcript. Thus, we also believe that the term "date of entry of judgment" and "date of judgment" are the functional equivalent of one another. Once again, here, the date of judgment was May 2, 2006, not May 3, 2006.

¶ 9 As Judge Wettick further observed, the rules of civil procedure allow for an appeal from an arbitration award no later than 30 days after the day on which the prothonotary makes the notation on the docket that notice has been provided. Pa. R.C.P. 1308(a). Judge Wettick concluded that had the drafter of the rules wished to allow 30 days from the date notice was initiated in magisterial district court, the rule could have so provided. T.C.O. at 3. We agree. Since the notice of judgment bears the date the notice is printed, thereby signifying the starting of the notice process, the rules could have allowed for the appeal period to begin the date of printing the notice. As the rules do not, we must assume that the appeal period was meant to begin with the signing of the judgment form by the magisterial district judge.

¶ 10 Briefly stated, there is no reason to conclude that the date judgment is entered in a magisterial district court is other than the date the magisterial district judge signs the judgment form, thereby making an official award to one of the parties. As such, Appellant's appeal was untimely and the court properly denied the petition to file an appeal *nunc pro tunc*.

¶ 11 Order affirmed.