**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1631 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1632 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JANUARY 13, 2023**

The Commonwealth appeals the order of the court dismissing two cases

arising   from   the   same   incident   involving   Robert   Redanauer.   The

---

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth argues that the court erroneously determined that a trial occurred instead of a preliminary hearing. We affirm.

On April 20, 2021, the Commonwealth filed a criminal complaint against Redanauer. The complaint alleged that on or about December 27, 2020, Redanauer "attempted to put Daniel Taylor and [A.] in fear of imminent bodily injury by pointing a firearm in their faces and saying, 'I'm going to shoot you fucker' as he walked towards them." **See** Criminal Complaint, DC # 20-08-039365. The Commonwealth charged Redanauer with misdemeanor crimes of simple assault, recklessly endangering another person (REAP), possessing instruments of crime (PIC), and terroristic threats.[1] **See id.** Because the Commonwealth alleged that there were two victims, "the First Judicial District assigned the matter two Municipal Court docket numbers at the preliminary arraignment stage[.]" Commonwealth's Br. at 7. The minor victim was docketed at 7444-2021 and Daniel Taylor was docketed at 7445-2021. **See** PARS Report, Docket 7444-2021 ("Juvenile Complainant"); PARS Report, Docket 7445-2021 ("Daniel Taylor").

On June 9, 2021, the Commonwealth filed a Certification of Commonwealth's Exercise of Right to a Jury Trial. In the certification, the Commonwealth noted that the case was listed for trial in Municipal Court but requested that it be relisted for a preliminary hearing pursuant to the Commonwealth's right to proceed by way of a jury trial in the Court of

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(3), 2705, 907, and 2706, respectively.

Common Pleas under Rule 1001(D) of the Pennsylvania Rules of Criminal Procedure. *See* Certification, filed 6/9/21; Pa.R.Crim.P. 1001(D). The filing listed one docket, 7444-2021. The Commonwealth did not file a certification for the remaining docket, 7445-2021. The court entered an order stating that "[t]his matter, currently listed for a trial on July 15, 2021, . . . shall be scheduled for a preliminary hearing . . . on July 15, 2021." Order, filed 6/14/21. This order listed one docket, 7444-2021.

On July 15, 2021, both cases were listed before Judge James Lynn, a Court of Common Pleas judge in Philadelphia. The Commonwealth's only witness was Daniel Taylor. Taylor testified that on December 27, 2020, he lived with his mother, his little brother, A., and his sister. *See* N.T., Preliminary Hearing, 7/15/21, at 6. On the evening of the 27th, he was in the living room eating soup when he heard A. knocking on his mother's bedroom door. *Id.* at 7. He heard a male voice say, "Why don't you come in here, you little fucker." *Id.* A. continued to knock on the door; Daniel stopped eating, went upstairs to his mother's bedroom door and saw that the light was on. *Id.* at 7,9. He testified that Redanauer, his mother, and A. stood at the door frame. *Id.* He then saw "[Redanauer] in the process of grabbing a semiautomatic pistol off the dresser." *Id.* at 7. When Taylor saw this, he put his hands up and said, "Please don't shoot me." *Id.* at 8. He testified that the male said, "Why don't you come here so I can fucking shoot you." *Id.* Taylor testified that he backed out of the room, ran downstairs, and called 911. *Id.*

The Commonwealth asked Taylor what he was wearing at the time and the court interrupted, saying "Who cares." *Id.* at 9. The Commonwealth stated that it would move on to the next question to which the court responded, "We are at a preliminary hearing." *Id.* The court also added, "It is completely irrelevant with what we are doing here today." *Id.* at 10. The Commonwealth completed its questioning of Taylor by asking about the firearm and how he knew it was a firearm. Taylor testified that he knew because, "I shot guns my whole life." *Id.* at 12. Following cross-examination and re-direct, the Commonwealth rested its case. *See id.* at 23. The court then heard argument from both parties.

Defense counsel stated, "I like to start every argument at a preliminary hearing just by pointing out that I understand what the standard is, I understand that it is different than a trial[.]" *Id.* at 23. He argued that the court "should discharge each of these matters for lack of evidence." *Id.* at 26. Counsel also argued that since the Commonwealth only certified docket 7444-2021 for a preliminary hearing, the court should find Redanauer not guilty on the remaining docket. *Id.* He argued that since the Commonwealth did not file a certification of a jury trial for docket 7445, it remained a trial and therefore the Commonwealth did not meet its burden of proving guilt beyond a reasonable doubt. *Id.* at 27. He then argued that if the court found Redanauer not guilty at docket 7445, then "jeopardy is attached and prosecution is barred on [7]444." *Id.*

The Commonwealth argued that joinder was automatic and therefore when it filed a certification at docket 7444 it included 7445. *Id.* at 29. It also argued that a trial never commenced because "the defense did not waive arraignment and enter a plea of not guilty[.]" *Id.*

The trial court stated that at docket 7444, "a *prima facie* case was never established" and that the evidence was insufficient. *Id.* at 31. As to docket 7445, the court concluded that a trial had occurred. It found Redanauer not guilty and that Redanauer was not guilty as to docket 7444, "because double jeopardy, which attached when the trial was held 7445-2021." *Id.* at 32. Though the court did not enter an order, the docket for 7444 reads "Jury Demand – TRIAL – due to the trial on other matter ending in 7445-2021 – double jeopardy NOT GUILTY on all charges." Docket 7444-2021, entry 13. Docket 7445 reads "Jury Demand – ready TRIAL – NOT GUILTY on all charges." Docket 7445-2021, entry 12.

The Commonwealth filed a notice of appeal with this Court. In its notice, the Commonwealth stated that the order of the court "is presently unavailable." Notice of Appeal, filed 8/10/21. As of this memorandum, there is no order from the court. Nevertheless, we do not find a remand necessary or feasible since Judge Lynn has since retired from the bench.

The Commonwealth raises the following issue:

> Did the lower court err in purporting to enter final and case-dispositive judgments (not guilty in No. MC-51-CR-0007445-2021 and insufficient evidence and "[a]dditionally . . . not guilty" in No. MC-51-CR-0007444-2021), following

a proceeding that was listed and acknowledged by the parties and the court to have been a preliminary hearing?

Commonwealth's Br. at 4.

The Commonwealth maintains that the hearing on July 15 was a preliminary hearing and not a trial for both cases. It argues that despite the court's characterization of the hearing as a trial, a trial did not occur. The Commonwealth maintains that a trial could not have happened because "[Redanauer] had not (with respect either to the 7444 or 7445 docket) waived his right to a preliminary hearing, been arraigned, or entered any plea, let alone the plea of not guilty that serves as the final formal demand for a trial." Commonwealth's Br. at 15. It further notes that "the lower court curtailed the direct examination of the complaining witness on the 7445 docket, the very docket for which the lower court later concluded that the preliminary hearing had really been a trial." *Id.* at 16 (citing N.T., 7/15/21, at 9). The Commonwealth maintains that the court did not have the legal authority to convert the preliminary hearing into a trial.

Regarding its certification for a jury trial, the Commonwealth argues that the entire matter was listed for a preliminary hearing, despite the certification only listing one docket. It alleges that because one person committed multiple offenses, the court "sitting as the preliminary hearing issuing authority, was obligated to 'accept only one complaint' with the entire 'matter' then to proceed 'as a single case.'" *Id.* at 18 (citing Pa.R.Crim.P. 505(B) and 1000(B)). It maintains that it listed all charges in a single complaint and was

- 6 -

required to try the cases together based on the compulsory joinder rule. **See id.** at 19. It further notes that the docket itself reflects that the cases were consolidated, "with each docket listing the other docket number – on boldfaced text – as a 'Consolidated Defendant Case[].'" **Id.**

"It is . . . well-settled in our jurisprudence that a preliminary hearing is not a trial[.]" **Commonwealth v. Montgomery**, 234 A.3d 523, 533 (Pa. 2020). At a preliminary hearing, the Commonwealth must present "a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it." **Id.** (citation omitted). When presiding over a preliminary hearing, the court has only two options: discharge the case or hold the defendant over for court. **See** Pa.R.Crim.P. 543(B). If the court discharges the case, the Commonwealth may refile the case. **See** Pa.R.Crim.P. 544(A). The court "is not required, nor is he authorized, to determine the accused's guilt or innocence of the charge at the preliminary hearing." **Commonwealth v. Harvin**, 500 A.2d 98, 101 (Pa.Super. 1985). In contrast, the Commonwealth's burden for a trial is "to prove beyond a reasonable doubt all elements of the crime charged." **Commonwealth v. Cottam**, 616 A.2d 988, 1000 (Pa.Super. 1992).

We first address the Commonwealth's argument we should consider both dockets as one "matter" because it filed one complaint. The Commonwealth maintains that Rule 505(B) supports its argument that both cases, though docketed separately, proceeded as one matter. Rule 505(B)

- 7 -

provides that "[w]hen more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case." Pa.R.Crim.P. 505(B). While the statute addresses multiple offenses by one person arising from the same incident, it is silent as to multiple victims. As such, Rule 505(B) is inapplicable in determining whether these two cases should have been considered and docketed as a single case.

Two dockets were created based on the same incident of Redanauer allegedly threatening to shoot a minor child and his brother, Taylor. Docket 7444-2021 was in relation to the minor child and docket 7445-2021 was in relation to Taylor. The Commonwealth in its certification for a jury trial listed only one docket, docket 7444. The court in granting the certification listed only one docket, 7444. Further, only docket 7444 lists the Commonwealth's request for a jury trial. *See* Docket 7444-2021, Entry 10 ("Request for Trial by Jury"). Despite the Commonwealth's suggestion that the cases proceeded as one matter, the record does not support such a conclusion. We address each docket separately.

DOCKET 7444-2021 (Minor Victim)

We conclude that the court erroneously found Redanauer not guilty at this docket. This court scheduled this docket for a preliminary hearing. The certification order by the president judge specified that though it originally was listed for trial, it now would be listed for a preliminary hearing. ***See***

Certification Order. Furthermore, the court acknowledged that the hearing was a preliminary hearing, evidenced by limiting the Commonwealth's questioning of the witness and reminding the Commonwealth that "[w]e are at a preliminary hearing." N.T., 7/15/21, at 9. As such, the sole role of the court was to determine whether the Commonwealth made out a *prima facie* case. **See Harvin**, 500 A.2d at 101; Pa.R.Crim.P. 542(D) ("At the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it"). Here, the court entered a verdict of not guilty based on its finding of not guilty at docket 7445. This was erroneous. The court did not have the authority to transform the preliminary hearing into a trial.

DOCKET 7445-2021 (Daniel Taylor)

The trial court treated this docket as a trial. "A trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire* or to opening argument, or to the hearing of any motions that had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial." Pa.R.Crim.P. 600, comment – Commencement of Trial; Time for Trial. Additionally, a "trial shall be deemed to commence on the date the Municipal Court judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*." Pa.R.Crim.P. 1013(B). Furthermore, before a trial may ensue, the defendant should be

- 9 -

arraigned. *See* Pa.R.Crim.P. 1004. The purpose of an arraignment is "to ensure that the defendant is advised of the charges[,] to have counsel enter an appearance, . . . and to commence the period of time within which to initiate pretrial discovery and to file other motions." *See* Pa.R.Crim.P. 571, comment.

Following the introduction of both counsel for the record, the court asked the Commonwealth to call its first witness. N.T., 7/15/21, at 5. As to either docket, the court did not arraign Redanauer. Redanauer also never entered a plea of not guilty. *See* Pa.R.Crim.P. 590(A)(1) ("Pleas shall be taken in open court"), (A)(2) ("[a] defendant may plead not guilty, guilty, or with the consent of the judge, *nolo contendere*"). Additionally, the hearing transcript lists both dockets and describes the hearing as "Preliminary Hearing." N.T., 7/15/21, at 1.

Nevertheless, we agree that a trial took place under this docket. Unlike docket 7444, the Commonwealth did not certify this case for a jury trial. Thus, the case remained listed for trial. *See* Docket 7445-2021, Entry 9 ("Trial Scheduled" and continued to 7/15/21). Therefore, the court's verdict of not guilty must stand. As such, we now must address whether double jeopardy prevents the remand of docket 7444.

DOUBLE JEOPARDY

The court determined that because of its verdict of not guilty at docket 7445, double jeopardy attached to docket 7444. A claim of double jeopardy is

a question of constitutional law of which our scope of review is plenary. **See Commonwealth v. Townley**, 722 A.2d 1098, 1098 (Pa.Super. 1998). The Pennsylvania and United States Constitutions protect individuals from being "twice put in jeopardy of life or limb;" for the same offense. Pa. Const. Art. 1, § 10; U.S.C.A. Const. Amend. V. A subsequent prosecution is barred for the same offenses arising from the same facts as a former prosecution if the former prosecution resulted in an acquittal. **See** 18 Pa.C.S.A. § 109(1). "There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact[.]" **Id.** The protection from double jeopardy does not apply until it has attached. "In a bench trial, . . ., jeopardy attaches when the trial court begins to hear the evidence." **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa.Super. 2008).

Here, the court found Redanauer not guilty at docket 7445. The facts at this docket are the same as docket 7444, arise from the same incident, and involve the same offenses. **See** 18 Pa.C.S.A. § 109(1). Additionally, the court heard evidence from the Commonwealth's witness Taylor. Therefore, we must conclude that further prosecution under docket 7444 is barred by double jeopardy. Thus, although the trial court erroneously treated docket 7444 as a trial instead of a preliminary hearing, the court acquitted Redanauer at the remaining docket.

Additionally, we are guided by Section 110 of the Crimes Code[2] and the Supreme Court's decision in **Commonwealth v. Campana**, 304 A.2d 432 (Pa. 1973) (first **Campana** decision) and its addendum opinion, 314 A.2d 854 (Pa. 1974) (addendum **Campana** decision).

Section 110(1) provides, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

* * *

(ii) any offense based on the same conduct or **arising from the same criminal episode**, if **such offense was known to the appropriate prosecuting officer at the time** of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense. . . .

18 Pa.C.S.A. § 110(1)(ii) (emphasis added).

This Court summarized the **Campana** decisions as follows:

In [first **Campana** decision], the [Supreme C]ourt stated that the double jeopardy clause of the United States Constitution was violated **when an attempt was made to prosecute a**

---

[2] 18 Pa.C.S.A. § 110 (when prosecution is barred by former prosecution for different offense).

- 12 -

> **defendant a second time on charges arising from the same incident for which he had previously been tried on different charges**. The United States Supreme Court, however, vacated this judgment, ***Pennsylvania v. Campana***, 414 U.S. 808 (1973), and on remand the Supreme Court of Pennsylvania held in [the addendum ***Campana*** decision], that the decision was not based on federal constitutional law but on its supervisory powers. It was further stated that **the Court's views on the issue of compulsory consolidation of all charges arising from a single criminal episode were entirely in harmony with Section 110 of the new Crimes Code**.

***Commonwealth v. Green***, 335 A.2d 493, 495 (Pa. Super. 1975) (emphases added & footnote omitted).

In ***Campana***, the Supreme Court noted that "'[e]pisode' is defined as 'an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series.'" ***Campana***, 304 A.2d at 439 (citation & internal quotation marks omitted). Quoting ***State v. Brown***, 497 P. 2d 1191, 1198 (Ore. S.Ct. 1972), the ***Campana*** Court supported the notion that "a second prosecution is for the same offense and is prohibited if (1) the charges arise out of the same act or transaction [and] that the prosecution must as a general rule *join in the same indictment charges that are founded on the same facts*, or form or are part of a series of offenses of the same or similar character. . . ." ***Campana***, 304 A.2d at 439 (italics in original & quotation marks omitted). The Court emphasized the interests on both sides that benefit from the "same transaction" test: (1) "[b]y requiring compulsory joinder of all charges arising from a single 'transaction,' a defendant need only once 'run the gauntlet' and

confront the 'awesome resources of the state'"; and (2) "[c]ompulsory joinder of all offenses arising from a single 'transaction' avoids piecemeal litigation and thus conserves precious judicial and professional manpower as well as the time of jurors, witnesses, and the use of public resources." *Id.* at 440-41. The Court then held that "the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a 'single criminal episode.'" *Id.* at 441.

The *Campana* Court then turned to the appeal before it. Policer officers received a report of a disturbance and when they arrived, they observed the defendant in a physical altercation with his friends. *Campana*, 304 A.2d at 442. When the officers asked for identification, the defendant then assaulted them. *Id.* The defendant was charged with disorderly conduct, resisting arrest, and assault of a police offer. *Id.* at 433. A justice of the peace found him not guilty of disorderly conduct. *Id.* The other charges were dismissed for lack of sufficient evidence. *Id.* The Commonwealth subsequently instituted the charges of resisting arrest and assault before another justice who bound the defendant over to a grand jury. *Id.* He was later tried by a jury and convicted. *Id.* The Supreme Court noted that "all parties concede[d] that the events were part of a single transaction[, and therefore, the defendant], who was initially acquitted of disorderly conduct, should not have had to 'run the gantlet' for a second time on charges arising from the same criminal episode." *Id.* at 442.

In **Green**, this Court applied the **Campana** decision to the following scenario. There, the defendant was involved in a verbal altercation that turned physical with three other men. **Green**, 335 A.2d at 494. The defendant drew a knife and stabbed two of the men as well as a female bystander that was trying to help. **Id.** Following the incident,

> [t]hree sets of charges were brought against the appellee as a result, each consisting of aggravated assault, possession of an instrument of crime and possession of a prohibited offensive weapon. One set was brought in the name of each of the three victims. At the close of the testimony elicited at the first preliminary hearing, held before a municipal court judge, the assistant district attorney requested that the count of aggravated assault pertaining to the female victim, who had been injured while attempting to restrain the [defendant], be reduced to a charge of simple assault. The hearing judge, believing that the newly added misdemeanor necessitated a separation of the trials, ordered that the simple assault charge be tried in the municipal court and set a date and a room for that trial. The [defendant] was then bound over to the grand jury on the remaining charges heard that day. The [defendant]'s counsel . . . did not object to this division of the charges but on the contrary indicated his agreement and understanding of the proposed procedure after it had been thoroughly discussed. The only effort made by the [defendant]'s counsel to consolidate the charges was a request that the charges involving the two male victims be brought together.
>
> Indictments on the aggravated assault and weapons charges considered at the first preliminary hearing were returned on February 5, 1974. The municipal court trial was then held on the simple assault charges, following the return of the first indictments. At the municipal court trial the [defendant] was convicted of the assault on the female victim and sentenced to a year probation. In due course the second preliminary hearing was held on the remaining charges involving the second male victim and indictments were subsequently returned. The [defendant] filed applications in the court of common pleas to have both sets of indictments quashed. The motions to quash were granted and this appeal [followed.]

- 15 -

*Id.* at 494-95.

Like ***Campana***, the ***Green*** Court observed that incident arose out of the same transaction, stating:

> The fact that the struggle moved the participants from the porch to the driveway, that there were several victims, or that the first victim was already wounded when the second, then third, victims became involved does not change the nature of the encounter to a segregated series of incidents. **It remains a single distinctive occurrence, a comprehensive series of acts so as to qualify as a single criminal episode**. . . . In addition, the Model Penal Code, upon which Section 110 of the Crimes Code is based, indicates in its commentary to the **sections dealing with compulsory joinder of charges that situations involving multiple victims were contemplated as being included in the concept of a single criminal episode** when the sections were drafted. Consequently, we find that the present case involves a single incident or transaction and the prosecution of the charges arising therefrom is governed by Section 110 of the Crimes Code.

***Green***, 335 A.2d at 496 (emphases added & footnote omitted). The Court then indicated the defendant "waived his right to claim harassment by multiple prosecutions" where the Commonwealth had attempted to bring the multiple charges in one proceeding, but the preliminary hearing judge separated one of the charges and sent it to the municipal court to be tried independently and the defendant's counsel did not object to separation order, file a motion to quash the indictments, or consolidate the trials prior to the first proceeding. *Id.* at 498. The Court concluded: "There can be no unjust contravention of the statute intended to protect the accused when a defendant is denied its use as a shield against a prosecution which he himself invited by his own designs.

We hold that the protection of the statute does not extend to the appellee who waived his rights under it by consenting to the additional prosecution." ***Id.***

Turning to the present matter, the charges related to the minor victim and Taylor both arose from the same criminal episode as pursuant to Section 110(1)(ii) — Redanauer pointed the gun at both individuals during one incident. ***See Campana***, ***supra***; ***Green***, ***supra***. We note it was a mistake on the Commonwealth's part not to file a certification of a preliminary hearing at docket 7445 in addition to docket 7444. Moreover, as noted above, since the charges stemmed from the same episode, double jeopardy also attached under Section 110(1)(ii) and the Commonwealth cannot now complain that further prosecution is proper or permissible. We therefore are constrained to affirm in both cases.

Orders affirmed.

Judge McCaffery joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2023

- 17 -