379 A.2d 1312

COMMONWEALTH of Pennsylvania

v.

Bruce E. REESE, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued April 18, 1977.

Decided Oct. 28, 1977.

Robert S. Seltzer, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Jane C. Greenspan, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Bruce Reese was convicted of murder of the first degree and conspiracy. His appeal[1] raises the same issue as *Commonwealth v. Taylor*, 475 Pa. 564, 381 A.2d 418 (1977). We reverse appellant's convictions and remand for a new trial because a defense witness was improperly impeached by questions concerning prior arrests which did not lead to convictions.

Bruce Benn, Bernard Cummings and Charles Slaughter were standing on a Philadelphia street corner on January 23, 1974. An automobile pulled up and a man jumped out of the passenger side. The man shot and killed Benn and then escaped in the car. Appellant was arrested for the crime.

There are two principal pieces of evidence against appellant: a statement which appellant gave police after he was arrested, and the testimony of Bernard Cummings that appellant was the man who jumped out of the car and shot Benn.[2]

The principal defense evidence was the testimony of appellant denying the charges and asserting that the confession had been physically coerced by the police, and the testimony of eyewitness Charles Slaughter that appellant was not the man who shot Benn.

On cross-examination, Charles Slaughter admitted he was then in jail on an unrelated charge of murder, for which he had not been convicted. Motions for a mistrial and for cautionary instructions were denied.

The veracity of a witness may not be impeached by prior arrests which have not let to conviction. *Commonwealth v.*

1. We hear these appeals pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202, 17 P.S. § 211.202 (Supp.1977).

2. We are required to examine the record to see whether the evidence is sufficient to support any conviction for murder in the first degree. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964). The evidence in this case was sufficient.

*Taylor,* 475 Pa. 564, 381 A.2d 418 (1977); *Commonwealth v. Katchmer,* 453 Pa. 461, 464, 309 A.2d 591, 593 (1973); *Commonwealth v. Ross,* 434 Pa. 167, 170, 252 A.2d 661, 662 (1969); *Stout v. Rassel,* 2 Yeates 334 (Pa.1798); 3A J. Wigmore, Evidence § 980(a) (Chadbourn Rev. 1970). The Commonwealth does not point to any exception to this rule within which the cross-examination of Charles Slaughter would fit. The Commonwealth suggests that Mr. Slaughter's arrest is relevant to whether he is biased against the entire criminal justice system and therefore likely to lie on the witness stand. It is true that there may be an exception which would allow impeachment of a prosecution witness by an arrest for crimes related to the case being tried, where evidence of the arrest would tend to show a particular bias of the witness. See *Commonwealth v. Coades,* 454 Pa. 448, 452, 311 A.2d 896, 898 (1973). However, to hold that an arrest for an unrelated crime could be used to show a general bias would effectively vitiate the rule against impeaching on the basis of arrests alone, at least in criminal cases. Further, the rule that the Commonwealth proposes can only be based on the impermissible assumption that any arrest automatically destroys the arrestee's faith in the criminal justice system.

The impeachment was highly prejudicial and requires reversal of appellant's conviction. If the jury had believed the testimony of Charles Slaughter, it would have concluded appellant was not the man who killed Bruce Benn. The jury did not believe the testimony and convicted appellant. The knowledge that this witness was currently facing murder charges may very easily have contributed to the jury's refusal to accept the testimony. For this prejudice, we must grant a new trial. See, e. g., *Commonwealth v. Taylor,* supra; *Commonwealth v. Katchmer,* supra.

The judgments of sentence are reversed and the case remanded for a new trial.