**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Nicholas PELLECCHIA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 2007.

Filed May 29, 2007.

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: KLEIN, GANTMAN and TAMILIA, JJ.

OPINION BY KLEIN, J.:

¶ 1 Nicholas Pellecchia appeals from his judgment of sentence for criminal trespass. On appeal he claims that because the Commonwealth's bill of information only charged him with criminal trespass as a second-degree felony (F–2), the trial court erred in convicting him of the same crime graded as a third-degree felony (F–3). Specifically, Pellecchia claims that 18 Pa.C.S.A. § 3503(a)(1)(i), which grades criminal trespass as an F–3, is not a lesser-included offense of 18 Pa.C.S.A. § 3503(a)(1)(ii), which grades the crime as an F–2. Therefore, because the Commonwealth never amended the information to reflect a change in the grade of the offense, he was not on notice to defend against the newly graded crime and his conviction should be vacated. We disagree.

¶ 2 Today we hold that criminal trespass graded as an F–3,[1] where the Commonwealth proves the defendant *entered* an occupied structure without the privilege to

_____

1. *See* 18 Pa.C.S.A. § 3503(a)(1)(i).

do so, is a lesser-included offense of that same crime graded as an F–2[2] in section 3503 of the Criminal Code. While the greater offense defined in subsection 3503(a)(2)(ii) and graded as an F–2 requires the actor to *break into* an occupied structure, and the lesser offense, in part, requires mere *entry*, it is axiomatic that an individual cannot break into a building without actually gaining entry[3] or, quite simply, entering it. Therefore, because the facts necessary to establish the elements under subsection 3503(a)(i) are subsumed by those necessary to establish the same crime graded as an F–2 under 3503(a)(ii), we find that the trial court properly convicted Pellecchia of the lesser included offense even though the Commonwealth's information only charged him with criminal trespass as an F–2.

¶ 3 Alternatively, because defense counsel implicitly argued to the trial court at sentencing that the offense could be graded as *either* an F–3 or an F–2, and failed to object to the grading of the offense after sentencing, we could likewise find this claim waived.

### Facts

¶ 4 The events leading up to Pellecchia's arrest are sufficiently recounted in the Pa. R.A.P. 1925(a) opinion authored by the Honorable Abram Frank Reynolds as follows:

In 2004, the Complainant, Ms. Emma L. Boileau, a middle-aged woman, lived essentially alone at her home at 7206 Glenloch Street in Philadelphia County. During that year Ms. Boileau undertook the care of two young boys who were dropped at her home and deserted by her mother. At some point in the past the Defendant had permission to be in Ms. Boileau's home because she was car-

ing for his "cousins." During the Thanksgiving and Christmas holidays of 2004 Ms. Boileau was hospitalized. Prior to her hospitalization, Ms. Boileau told the Defendant, upon removing him from her home, "not to go near my home again[,]" and she changed the locks to her house. During Thanksgiving and Christmas of 2004, Ms. Boileau's home was burglarized; "cleaned out." Items totaling about sixty thousand ($60,000) dollars were removed from the house.

On December 27, 2004, Daniel Kinderman, son-in-law of Ms. Boileau, went to check the property at 7206 Glenloc[h] Street. As he entered the door by key the umbrella stand fell over. It had been propped by the door.

"... I could hear commotion going on upstairs above me and as I proceeded to go up the steps I seen the [sic] [the defendant] in the bedroom, the door was open at the time, and he was rapidly trying to get dressed."

At that point and before Mr. Kinderman climbed the stairs, the door slammed shut. He tried to enter the bedroom by force and the bedroom bay window was heard to shatter. When he went downstairs he saw [the defendant] on the front lawn.

[The defendant], according to Mr. Kinderman, ran down Glenloc[h] Street threatening to kill Mr. Kinderman "... for what [he] had done." According to Mr. Kinderman, prior to December 27th, he had met [defendant's brother and defendant] at the house. He took their key and "let them go in and get whatever belonged to them out of that house."

---

2. *See* 18 Pa.C.S.A. § 3503(a)(1)(ii).

3. In fact, subsection 3503(a)(3) defines "breaks into" in part as "to gain entry." *See* 18 Pa.C.S.A. § 3503(a)(3).

Trial Court Opinion, 8/29/2006, at 1–2. The Commonwealth's bill of information that listed, among other charges,[4] the crime of criminal trespass, graded that offense solely as an F–2. Pellecchia was, however, convicted of criminal trespass graded as an F–3; he was acquitted of all other charges. Pellecchia was sentenced to serve two years' reporting probation, with costs and fees.

### Discussion

#### Section 3503[5] and Lesser–Included Offenses

■ ¶ 5 Pellecchia claims that criminal trespass as defined in subsection 3503(a)(1)(i) is not a lesser-included offense of that same crime outlined in subsection 3503(a)(1)(ii). Specifically, Pellecchia claims that to be convicted under subsection 3503(a)(1)(i), a defendant must have acted in a deceitful way, employing clandestine and silent techniques to gain illegal entry to a premises. By contrast, Pellecchia claims that to be convicted of the crime of criminal trespass under subsection 3503(a)(1)(ii), where a person has broken into a premises, it is implied that the actor used destructive, aggressive and noisy actions to gain entry to an occupied structure. Because these actions are diametric opposites, he argues that an essential element of proving subsection 3503(a)(1)(i) is not found in subsection (a)(1)(ii)—thus the former cannot be considered a lesser-included offense of the latter. We disagree.

**4.** The information also listed the following charges: burglary (F–1); criminal mischief (M–2); and terroristic threats (M–1). Property valuing approximately $60,000 was stolen from the premises.

**5.** Criminal trespass of an occupied structure is defined in the Crimes Code as:

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

### Commonwealth v. Gray

¶ 6 To substantiate his argument on appeal, Pellecchia relies upon *Commonwealth v. Gray*, 329 Pa.Super. 347, 478 A.2d 822 (1984). In *Gray*, this Court held that where the Commonwealth attempted to amend its information at the close of its case to change the grade of criminal trespass from an F–3 (subsection 3503(a)(1)(i)) to an F–2 (subsection 3503(a)(1)(ii)), it was improper and we vacated the defendant's judgment of sentence for criminal trespass as an F–2. In *Gray*, we found that "Clearly, the grade of the offense in the instant case was changed, as were the elements required to prove guilt." *Id.* at 825. Like Pellecchia, the defendant in *Gray* argued that the amendment to the grade of the crime of criminal trespass with which he was charged prejudiced him because he lacked notice with regard to the elements he was required to defend against at trial. *Id.* at 824. Additionally, and an important distinction between the facts of that case and the present case, the defendant in *Gray* argued that he was prejudiced because "the amendment raised the grade of the crime from a third to a second-degree felony, subjecting him to a more severe penalty." *Id.* at 824. Moreover, our Court also based its decision to vacate the defendant's sentence in *Gray*, in part, on the fact that the Commonwealth decided to amend its information so late in the game, contrasting that case with cases where amendments were permissible either prior to trial or on the day of trial. *Id.* at 825.

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.A. § 3503(a)(1).

¶ 7 While *Gray* appears to be controlling on the issue of whether subsection (a)(1)(i) of the criminal trespass statute is a lesser included offense of subsection (a)(1)(ii), it is *not determinative of the outcome of this case.* In *Gray,* by changing the grade of the crime under section 3503 from an F–3 to an F–2, the element of entry was changed such that the defendant was now charged with not just *entering* a premises unlawfully, but was actually charged with *breaking into* that premises. While in breaking into a house you are implicitly also "entering" it, the converse is not true. Specifically, it does not logically follow that when a person enters a building he or she is gaining entry by "breaking into" it. One may enter a building a number of different ways without it constituting a break-in. Thus, in order to prove the former, you are not necessarily proving the latter.

¶ 8 Today, however, we are faced with a different issue. Specifically, while Pellecchia was charged with breaking into a building, *in order to defend against that crime,* he would be necessarily arguing that he did not even enter the premises. *See* 18 Pa.C.S.A. § 3503(a)(3) (defining "breaks into" in part as "to gain entry."). Thus, *Gray* is clearly distinguishable and its holding not binding on the case before us.

*Lesser Included Offenses*

■ ¶ 9 A crime is considered a lesser-included offense when the elements of that crime are a necessary subcomponent of the elements of another crime (referred to as the greater-included offense). *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20, 23 (1994). In determining whether a

particular crime is a lesser-included offense, the United States Supreme Court and the Pennsylvania Supreme Court have deemed "the facts of the case as alleged in the charging document to be of significance where the crimes are defined as encompassing a range of acts or offenses." *Commonwealth v. Jones,* 590 Pa. 356, 912 A.2d 815, 822 (2006) (*citing Commonwealth v. Buffington,* 574 Pa. 29, 828 A.2d 1024, 1031 n. 11 (2003)) (*citing U.S. v. Dixon,* 509 U.S. 688, 698, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)).

¶ 10 Here, the bill of information lists the following facts charging Pellecchia with the crime of criminal trespass:

> On or about 12/27/04 in Philadelphia, Nicholas Pellecchia knowing that he . . . was not licensed or privileged to do so [by owner, Emma Boileau], **broke into a building[**, located at 7206 Glenlock St.**]** or occupied structure or separately secured or occupied portion thereof.

Bill of Information, 2/22/05, (emphasis added).

¶ 11 Recently, in *Commonwealth v. Jones,* our Supreme Court held that criminal trespass [6] is a lesser-included offense of burglary. In *Jones,* the Supreme Court found the two crimes merged for sentencing purposes due to the common finding of fact that in covertly entering his neighbor's home through a locked back door and stealing valuables, the defendant in *Jones* was obviously aware that his entry into the house was neither licensed nor privileged. In conducting its legal analysis of a merger issue, the Court reiterated that "[t]he two primary elements of criminal trespass—[include] (1) knowledge of lack of

---

6. In *Jones,* the Commonwealth charged defendant under both subsections 3503(a)(1)(i) and (ii) of the criminal trespass statute. The Supreme Court held that the Commonwealth was not required to prove that in entering the

structure the defendant "broke into" it. In any event, the reality was that the same narrow facts charged proved both crimes (criminal trespass and burglary). 912 A.2d at 824.

privilege (2) to enter a building." 912 A.2d at 822.

¶ 12 Here, no one can dispute that the facts in this case proved the basic elements for criminal trespass, whether defined under subsection (a)(1)(i) or (ii)—namely, defendant's non-privileged entry into the victim's home. *Jones, supra.* The relevant elements of subsection (a)(1)(i)—specifically, entering the victim's home without permission-are a necessary subcomponent of the elements of subsection (a)(1)(ii)—breaking into the victim's home without her permission. Clearly put, in order to be convicted of breaking into an occupied structure the prosecution must necessarily prove that the defendant entered the premises. Therefore, while the bill of information put Pellecchia on notice that he was being prosecuted for his unprivileged *breaking into* of the victim's home, and although he was ultimately convicted of merely *entering* the victim's home illegally, there is no significant difference in the type of evidence needed to defend against the latter crime or any basic distinction between the elements needed to prove the lesser-graded offense.[7]

¶ 13 Therefore, because there was no substantive change in the elements required to defend against the crime for which Pellecchia was charged and for which he was ultimately convicted, he suffered no prejudice and his conviction should be affirmed. *Compare Gray, supra* (where amendment of information at close of Commonwealth's case charging defendant with criminal trespass changed grade of offense from F–3 to higher grade of F–2, and subjected him to more severe penalty, amendment was improper because it prejudiced defendant as it changed elements of crime); *Commonwealth v. Neal,* 274 Pa.Super. 225, 418 A.2d 378 (1980) (where original and amended indictments charged different subsections of crime of robbery found in Crimes Code, because each would require proof of different elements, amendment was improper because it was substantive and conviction vacated). *See also Commonwealth v. Kisner,* 736 A.2d 672 (Pa.Super.1999) (conviction vacated where information and waiver colloquy improperly graded crime of attempted rape as F–2 and parties all proceeded to try case as F–2, defendant's conviction of that crime as F–1 was error).

*Waiver*

■ ¶ 14 Moreover, as the Commonwealth and trial court point out, defense counsel actually conceded that Pellecchia's conduct could conceivably fall under the rubric of either subsection (a)(1)(i) *or* (a)(1)(ii) when she asked the trial judge at the commencement of sentencing proceedings:

> Defense Counsel: Your [H]onor, the grading, what was your decision as to the grading F–2 or F–3?
>
> Trial Court: F–3

Sentencing Hearing, 10/13/2005, at 3. This question from counsel at the very least implies that she had defended a case with facts that could make out the elements of either subsection (a)(1)(i) or (ii). Addition-

---

7. In fact, it is interesting to note that at trial defense counsel attempted to present evidence that would reduce the culpability of Pellecchia's actions so that they would fall within subsection (a)(1)(i), rather than the greater offense under subsection (a)(1)(ii). That dialogue is illustrated by counsel's following line of questioning on direct examination:

> Defense Counsel: How did you get into the house?
> Defendant: I walked through the front door.
> Defense Counsel: And who opened the front door?
> Defendant: My brother David open [sic] the front door.

N.T. Trial, 11/12/2005, at 37.

ally, defense counsel never objected to the ultimate grade of the offense as an F–3 during or after sentencing. *Id.* at 2–4. Thus, this claim could also be waived for failure to object or raise the issue below. *Commonwealth v. Ryan,* 909 A.2d 839 (Pa.Super.2006); Pa.R.A.P. 302(a).

### Conclusion

¶ 15 Because criminal trespass graded as an F–3 under subsection 3503(a)(1)(i) when a defendant *enters* an occupied structure or building is a lesser-included offense of that same crime graded as an F–2 under subsection 3503(a)(1)(ii), we find that Pellecchia was properly convicted of the former crime (F–3) where the evidence at trial sufficiently proved the elements of that grade of criminal trespass. The fact that the Commonwealth did not charge Pellecchia with criminal trespass as an F–3 in its bill of information is not reversible error where the substantive change in the grading did not affect the evidence necessary to defend against the crime. *Gray, supra.* Further, counsel potentially waived this issue by conceding that Pellecchia's conduct could be graded as *either* an F–2 or an F–3 under the criminal trespass statute and by failing to object to its grading as an F–3 before the trial court. Pa.R.A.P. 302(a).

¶ 16 Judgment of sentence affirmed.

¶ 17 GANTMAN, J., concurs in the result.