**Commonwealth v. Jackson**

C.P. of Crawford County, no. CR 536-2006.

*Craig A. Howe,* for Commonwealth.
*Michael R. Hadley,* for defendant.

SPATARO, *J.,* June 20, 2007—The defendant, William Jackson, was convicted of two counts of driving under the influence, 75 Pa.C.S. 3802(a)(1) and (c), and related

summary offenses. The charges stem from an incident occurring on May 26, 2006, on which date troopers with the Pennsylvania State Police effectuated a stop of defendant's vehicle on SR 18 just past the intersection with SR 618 around 12:25 a.m. Following the stop, defendant was arrested for DUI after he was unable to perform the field sobriety tests. The troopers detected the odor of alcohol on his breath and noticed that his speech was slurred. Defendant was transferred to Meadville Medical Center where he consented to a blood test. Defendant's blood was drawn at 1:20 a.m. at which time he had a BAC of 0.30 percent.

Defendant was sentenced on March 1, 2007 for his convictions. Defendant's conviction for section 3802(c) was his second DUI offense in the last 10 years. Defendant was sentenced to a period of incarceration for a minimum period of 90 days to a maximum period of 60 months and ordered to pay costs of prosecution. Defendant filed a post sentence motion for relief on March 2, 2007 in which he raised the following issues:[1]

(a) Whether the trial court improperly granted precedent to *Commonwealth v. Fulton* and excluded evidence of reputation for truthfulness.

(b) Whether the trial court erred in failing to present the jury with the three potential BAC tiers as to Count 2.

(c) Whether the defendant is entitled to house arrest after 45 days of incarceration.

---

1. Defendant also raised in his post sentence motion an issue regarding two bills of cost filed by the Commonwealth. However, this matter was settled at the time of argument on the motion as defense counsel recognized that these bills of cost related to the Commonwealth's expert Dr. Vey. Thus, we do not address this issue any further.

(d) Whether the defendant must admit his guilt in the DUI essay.

We address each of these in seriatim.

Defendant asserts that the trial court erred in excluding evidence of defendant's reputation for truthfulness, relying on *Commonwealth v. Fulton,* 574 Pa. 282, 830 A.2d 567 (2003), a non-precedent, plurality decision. Defense counsel is correct in his assertion that *Fulton,* as a plurality opinion, is not precedential. However, no error was committed because this court applied the law in excluding evidence of defendant's reputation for truthfulness. Evidence of the defendant's character, offered by the defendant, is admissible under two separate circumstances. See Pa.R.E. 404(a)(1), 608(a). Character evidence of a defendant is always admissible if it is evidence of a pertinent trait, meaning it must relate to the crimes charged. Evidence of the defendant's character for truthfulness is admissible when the defendant testifies and the character of the defendant for truthfulness had been attacked by reputation evidence or otherwise.

Here we are unable to find that truthfulness was pertinent to the crimes charged, namely DUI and summary traffic offenses, nor do we find that the prosecution attacked defendant's character for truthfulness, even though defendant testified at trial. In *Fulton,* the appellant had been convicted of rape, robbery, IDSI and other crimes, and his convictions rested on the identification testimony of the victims. The appellant testified as to his alibi at the time of the crimes. Thus, the appellant's "credibility was of paramount importance at [his] trial." *Fulton,* at 287, 830 A.2d at 569. The circumstances in *Fulton* were not present at defendant's trial. Defendant did not have an alibi nor was his testimony directly confronted by another witness as in *Fulton.*

Even the dissent in *Fulton*, which defense counsel references, does not advocate an automatic right to present character evidence for truthfulness. Instead, Justice Saylor writes: "I would favor a more flexible approach, which would allow the trial court to permit rehabilitative evidence in limited situations where it believes that the witness' character for veracity has been impugned." *Id.* at 301, 830 A.2d at 578. The key here is "rehabilitative." There can be no need for rehabilitation when a defendant's character has not been assailed.

The second issue relates to the tier system in the present DUI law. Tier 1 offenses include violations of sections 3802(a)(1) (General impairment—Unsafe driving, no refusal or accident) and 3802(a)(2) (General impairment with a BAC of at least 0.08 but < 0.10). Tier 2 offenses include sections 3802(a)(1) (General impairment—Unsafe driving with accident), 3802(b) (High rate BAC 0.10 to 0.159), 3802(e) (minors) and 3802(f) (Commercial and school vehicles). Tier 3 offenses include violations of sections 3802(a)(1) (General impairment—Unsafe driving, with refusal), 3802(c) (Highest BAC rate 0.16 or >) and 3802(d) (Controlled substances).

Count 2 of the criminal information alleged a violation of section 3802(c) of the Vehicle Code, graded as a misdemeanor, and listed the penalty as falling within the 5-year/$10,000.00 range and noted the mandatory sentence of 90 days of imprisonment and a fine of not less than $1,500. These are the penalties that apply for a Tier 3, second offense DUI within 10 years. See 75 Pa.C.S. §3804(c)(2). The defendant was also charged with the Tier 1 offense of DUI (general impairment) for which he was convicted, but that conviction has no bearing on the issue at hand.

The issue here is whether the court must allow the jury to consider convicting the defendant of the Tier 1 and Tier 2 offenses that relate to the defendant's BAC. Defendant argues that the jury must be allowed to consider convicting the defendant of a lesser-included offense and that Tier 1 and Tier 2 offenses, premised upon the defendant's BAC, are lesser included offenses. Defendant's theory is that one can't have a BAC of 0.16 percent or greater, unless he or she also has a BAC of between 0.10 percent and 0.159 percent, and also has a BAC greater than 0.08 percent, but less than 0.10 percent.

As to whether a crime is a lesser-included offense of another crime is dependent upon the elements of the crimes in question. "A crime is considered a lesser-included offense when the elements of that crime are a necessary subcomponent of the elements of another crime (referred to as the greater-included offense)." *Commonwealth v. Pellecchia* 925 A.2d 848, 2007 WL 1532269, p. 3 (Pa. Super. 2007), citing *Commonwealth v. Anderson,* 538 Pa. 574, 580, 650 A.2d 20, 23 (1994).

We are unable to conclude that Tiers 1 and 2 are lesser-included offenses of Tier 3, as each has an element not found in the other two offenses. The crimes, by definition, are even mutually exclusive. Moreover, defendant was not charged in the criminal information with violating the Tier 1 and Tier 2 BAC related offenses, nor was there any evidence presented by the Commonwealth to support a finding of a BAC within the first or second tiers. The defendant's blood sample was tested twice and both times the test result was 0.30 percent. The defendant did not offer any contradictory evidence. The defense argument is that a BAC guideline chart supported a finding that the defendant had a BAC within Tier 1 or Tier

2. However, the chart is nothing more than a guideline, which did not provide defendant's actual BAC. The chart is designed to educate the general public as to how alcohol consumption can result in a BAC range, depending upon the number of drinks consumed and the weight and gender of the individual. The exhibit upon which defendant relies on was lifted from the Pennsylvania Liquor Control Board website without the cautionary disclaimers appearing elsewhere on the website. It is clearly not scientific evidence.

Beyond our finding that giving a lesser-included offense instruction would have been unwarranted, we fail to see how defendant could have been prejudiced by the court's jury instructions. The jury was expressly told by the court that the Commonwealth's burden was to prove beyond a reasonable doubt that defendant had a BAC of 0.16 percent or greater. If not satisfied that the Commonwealth had met that burden, then the jury was told to find defendant "not guilty." Such an instruction favors the defense theory of the case because defendant would have been acquitted if the jury had been unconvinced beyond a reasonable doubt that defendant's BAC was 0.16 percent or greater. The verdict slip even noted the requirement of a finding that the BAC was 0.16 percent or greater. For the court to offer the jury the option of finding defendant guilty of the Tier 1 and Tier 2 versions of DUI, in the absence of any evidence supporting such a verdict, would have been confusing and inconsistent with the "beyond a reasonable doubt" standard. In essence, the jury would have been invited to guess or speculate on their verdict.

Defendant requests that the court reconsider his sentence, specifically the court's imposition of incarceration

instead of house arrest. The sentencing court is guided by 42 Pa.C.S. §9721 in making decisions concerning the type of sentence to be imposed. Section 9721(b) requires the sentencing court to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" when contemplating the sentencing options of section 9721(a). Defense counsel argues that defendant's "background, employment record, and support from others" suggest he is entitled to a sentence that includes a period of house arrest. However, the devastating effect that drunk driving has had on society convinces this court that defendant's sentence is appropriate, even in light of the factors mentioned by defense counsel.

We also add that even if the court were to find that a sentence that includes house arrest was appropriate, the Superior Court's decision in *Commonwealth v. Poncala* would bar the imposition of house arrest. 915 A.2d 97 (Pa. Super. 2006). In *Poncala,* the court determined that the sentencing provisions of the DUI statute are mandatory and specific, and in effect trump the general and discretionary provisions of section 9804 (relating to county intermediate punishment). *Id.* at 105.

As to defendant's last issue, the court addressed this at the time of argument on the post sentence motion. The court ordered the defendant to prepare a seven-page essay. The essay requirement is designed to assist in the defendant's rehabilitation. Defendant takes issue with the essay, complaining that he would be required to admit his guilt in order to write the essay. Defendant need not admit his guilt in order to complete the DUI essay.

Essentially the essay consists of three parts: the impact the DUI conviction has on the defendant and those close to him, what could have been done to avoid the charge, and a profile of a person killed by a drunk driver. In order to describe the effects that the DUI offense has had on the defendant, his family and his friends, the defendant need not admit his guilt. Likewise, writing about what the defendant could have done to avoid a DUI arrest does not require an admission of guilt. The obvious purpose of the essay is to have the defendant reflect on the consequences of a conviction (whether he believes it is justified or not) and to recognize that there are alternatives to driving while under the influence.

Based on the foregoing, the following is ordered:

## ORDER

And now, June 20, 2007, the defendant's post sentence motion for relief is denied. The defendant is directed to report to the Crawford County Correctional Facility on July 20, 2007 at 9 a.m. for the commencement of the service of the sentence imposed on March 1, 2007. Should the defendant file a notice of appeal with the Superior Court, the sentence will be stayed and the defendant permitted to remain free on the same bail and bond conditions imposed throughout these proceedings.