J-S59040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BLAINE K. GHOLSON | |
| Appellant | No. 3665 EDA 2016 |

Appeal from the Judgment of Sentence November 10, 2016
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0003684-2015

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:       **FILED SEPTEMBER 29, 2017**

Appellant, Blaine K. Gholson, appeals from the judgment of sentence of one and one-half to five years' imprisonment, followed by three years' probation, entered in the Montgomery County Court of Common Pleas. Appellant claims that the trial court erred in denying his request for new counsel and granting the Commonwealth's motion to amend the information to include a higher graded offense of fleeing or attempting to elude a police officer.[1]  We affirm.

The facts giving rise to Appellant's conviction are as follows.  On April 28, 2015, Appellant drove around two vehicles stopped at a red light at the intersection of Washington Lane and Church Road in Montgomery County

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3733(a), (a.2)(1), (a.2)(2)(iii).

and struck two vehicles as he proceeded through the intersection. Appellant did not stop at the scene. After police arrived to investigate the accident, Appellant drove by the scene, but again passed through a red light at the intersection and did not stop.

Police then located Appellant driving on Washington Lane near the Cheltenham Mall. An officer began to follow him and signaled him to stop, but Appellant drove through the parking lot of the mall and back onto the street. A pursuit ensued, and Appellant was not stopped until he reached the intersection of Paper Mill Road and Stenton Avenue. The pursuit lasted for more than seven minutes, during which Appellant passed by pedestrians in the mall parking lot, proceeded through stop signs and red lights, and sped through an active school zone.

Appellant was initially charged with thirteen counts, including accidents involving personal injury,[2] accidents involving property damage,[3] recklessly endangering another person,[4] and, of relevance to this appeal, fleeing or eluding graded as a misdemeanor of the second degree.[5] Appellant was represented by Thomas Bowman, Esq. of the Public Defender's Office ("trial counsel") and waived a preliminary hearing.

---

[2] 75 Pa.C.S. § 3742(a).

[3] 75 Pa.C.S. § 3743(a).

[4] 18 Pa.C.S. § 2705.

[5] 75 Pa.C.S. § 3733(a), (a.2)(1).

On May 25, 2015, the trial court received a *pro se* letter from Appellant regarding his dissatisfaction with trial counsel. The clerk of courts placed the letter in the record and forwarded a copy of it to trial counsel.[6]

On August 5, 2016, the Commonwealth filed a motion to amend the information to change the grade of the fleeing and eluding offense to a third-degree felony.[7] The trial court granted the motion on August 9, 2016, immediately before a jury trial. The Commonwealth presented its evidence and rested on August 9, 2010.

The following day, trial counsel raised a motion for new counsel, which the trial court denied. Appellant thereafter testified on his own behalf. Appellant admitted to causing the accidents and failing to stop for the police. He asserted, however, that he was working as a delivery person for Mojo's Pizza, was almost robbed while delivering food in the Northeast section of Philadelphia, and was driving in a panic in an attempt to flee from the robbers, whom he believed were following him in a vehicle. He further testified that he saw officers signaling him to stop, but did not do so because he was afraid the robbers were still pursuing him.[8] In rebuttal, the

---

[6] *See* Pa.R.Crim.P. 576(A)(4).

[7] 75 Pa.C.S. § 3733(a), (a.2)(2)(iii).

[8] *See* 75 Pa.C.S. § 3733(c)(2) (establishing affirmative defense to fleeing and eluding "if the defendant can show by a preponderance of the evidence that the failure to stop immediately for a police officer's vehicle was based upon a good faith concern for personal safety").

Commonwealth called the manager of Mojo's Pizza, who testified that Appellant was not an employee. The Commonwealth further presented testimony that the site where Appellant was allegedly threatened was approximately eight miles from the location of the accident at Washington Lane and Church Road. The jury found Appellant guilty of accident involving personal injury, accident involving property damage, recklessly endangering another person, and fleeing or eluding graded as a felony of the third degree.

On November 10, 2016, the trial court sentenced Appellant to serve an aggregate one and one-half to five years' imprisonment. Appellant, acting *pro se*, timely mailed a post-sentence motion and a notice of appeal on November 15, 2016,[9] which the trial court received on November 21, 2016. The trial court did not address Appellant's post-sentence motion, but withdrew trial counsel's appearance and appointed new counsel for the appeal.

The trial court entered an order for a Pa.R.A.P. 1925(b) statement on January 10, 2017. Present counsel filed a Rule 1925(b) statement on March

---

[9] ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the prisoner mailbox rule). Although Appellant was represented by trial counsel when he filed the *pro se* notice of appeal, a counseled notice of appeal was not filed on his behalf. We regard the *pro se* notice of appeal as effective under the circumstance of this case.

3, 2017, and the trial court filed a responsive opinion.[10]   This appeal followed.

Appellant presents the following questions for review:

> 1. Did the [trial court] err by failing to fully consider [] Appellant's request, made prior to trial (by way of a *pro se* letter filed May 25, 2016) and during trial, to fire [trial counsel] and engage alternate counsel?
>
> 2. Did the [trial court] err by granting the Commonwealth's motion, made on the eve of trial, to alter the count of Fleeing or Attempting to Elude Police Officer, 75 Pa.C.S. § 3733—thereby increasing the grading from a misdemeanor of the second degree to a felony of the third degree—on theories that (i) [Appellant] had previously waived his right to a preliminary hearing on all charges with the understanding that the fleeing and eluding count was charged as a misdemeanor, and (ii) [Appellant] was prejudiced by the fact that the count was amended immediately prior to the beginning of trial?

Appellant's Brief at 4.

Appellant first claims that the trial court erred in denying his request for new counsel.  Appellant contends that he had irreconcilable differences with trial counsel.  He further argues that that trial court's inquiry into the basis of his disagreement with trial counsel was insufficient and that the trial

---

[10] Present counsel's Rule 1925(b) statement was untimely filed.  However, we will consider the issues raised in this appeal as counsel's failure to file a timely Rule 1925(b) constitutes *per se* ineffectiveness, and the trial court prepared an opinion responsive to the untimely Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(c)(3); ***Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (noting that a remand under Rule 1925(c)(3) is not necessary where a Rule 1925 statement has been filed and the trial court filed a responsive opinion).

court improperly forced him to proceed with trial counsel or *pro se*. **Id.** at 9-10. No relief is due.

It is well settled that

> "the right to appointed counsel does not include the right to counsel of the defendant's choice." Moreover,
>
> > [w]hether to grant a defendant's petition to replace court appointed counsel is a decision which is left to the sound discretion of the trial court. As a general rule, however, a defendant must show irreconcilable differences between himself and his court appointed counsel before a trial court will be reversed for abuse of discretion in refusing to appoint new counsel.
> >
> > In some cases, we have concluded that "substantial reasons" or "irreconcilable differences" warranting appointment of new counsel are not established where the defendant merely alleges a strained relationship with counsel, where there is a difference of opinion in trial strategy, where the defendant lacks confidence in counsel's ability, or where there is brevity of pretrial communications.

**Commonwealth v. Floyd**, 937 A.2d 494, 497 (Pa. Super. 2007).

The record in this case reveals that Appellant sent a letter to the trial court that was received on May 25, 2016. In his letter, Appellant asserted that trial counsel was deceptive, prevented him from viewing discovery, and failed to conduct independent discovery, including obtaining a copy of his cellphone records.[11] According to Appellant, his cellphone records were necessary to support his defense that he was an employee of Mojo's Pizza. Appellant did not expressly request new counsel.

---

[11] Appellant did not expressly request new counsel in his letter.

On the second day of trial, trial counsel asserted that he did not have a copy of Appellant's cellphone records. According to trial counsel, he asked Appellant whether to request a continuance before trial but believed Appellant stated "no." N.T., 8/10/16, at 7, 14. Trial counsel stated that Appellant currently sought a continuance until the phone records were produced or a declaration of mistrial. After the trial court denied those motions, trial counsel represented that Appellant wanted to "fire [him] as counsel[,]" and the following exchange occurred:

> THE COURT: [to Appellant] it is not as easy as you are suggesting in the midst of a jury trial having listened to the Commonwealth's case, and apparently attempting to delay this matter, it is not [as] easy as you might think. About causing this trial to stop mid stream, on what basis do you now want to assert that you want to fire your counsel?
>
> Stand up.
>
> [Appellant]: Your Honor, I—on the basis of ineffective counsel, or ineffective assistance of counsel. He hasn't— everything that I asked for from day one he hasn't brought any evidence to support my claim of innocence.
>
> To my defense, we had multiple continuances to get evidence that would ascertain everything that I am saying, and he still doesn't have it. I have been incarcerated for 16 months. From day one I have been asking for these things.
>
> THE COURT: Thank you . . . . It sounds to me like what you are asserting is what you believe to be his ineffective assistance.
>
> This is not the appropriate forum, or the appropriate time to raise those issues, if you believe you have ineffective assistance of counsel claims. And that's, of

course, assuming that the jury convicts you of any crime, there's an appropriate time to raise those claims, do you understand that.

[Appellant]: Yes, Your Honor.

THE COURT: At this point in time, let me make it clear, we are going forward with the trial. The jury is about to be brought into the courtroom. You do have a constitutional right to represent yourself. If that happens, and if I believe it's appropriate under the circumstances, [trial counsel] will be relieved of any duty to go forward at this point. You will be held to the same standard of any attorney, and I won't put up with any monkey business, except for you to be as forthright as any attorney might be. Meaning that I will hold you to the same standard regarding evidence, regarding rules, regarding timeliness, regarding appropriate arguments.

Now, is it your desire, having learned that there is an appropriate time to raise a PCRA claim—if that's what you want to do, is it your desire now to have [trial counsel] complete the trial for you?

[Appellant]: Your Honor, would ask for another—someone else to assist me.

THE COURT: No. We don't do that in the middle of the trial, no. That's not going to happen. Your request for a different lawyer in the middle of the trial is denied.

You want [trial counsel] to represent you? You've of indicated—

[Appellant]: Yes, I need some type of attorney.

THE COURT: Thank you. Well, [to trial counsel] you will remain in the case, and any issues that he wants you to raise at an appropriate time may be raised then.

*Id.* at 7-9.

Following our review, we conclude the record did not evince irreconcilable differences, and that the trial court's inquiry into the basis for Appellant's request for new counsel was adequate. The dispute between Appellant and trial counsel focused on Appellant's cellphone records, which Appellant believed would have supported his testimony that he was working as a delivery person and bolstered his claim that he was being chased following a robbery attempt. However, Appellant apparently agreed not to request a pretrial continuance based on the absence of the records and did not express any further displeasure with trial counsel's performance until the Commonwealth had rested its case. As noted by the trial court, this dispute thus involves a challenge to the effectiveness of counsel, not an irreconcilable difference. *See Floyd*, 937 A.2d at 497. Furthermore, because Appellant failed to demonstrate an irreconcilable difference, we discern no error in the trial court's inquiry into the matter or its direction that Appellant would be required to proceed with trial counsel or *pro se*. *See id.* Therefore, Appellant's first claim fails.

Appellant next claims that the trial court erred in granting the Commonwealth's motion to amend the fleeing and eluding charge to a higher graded offense. Appellant argues that the amendment presented "'a substantially different factual scenario[,]'" resulted in a higher possible sentence, and caused him prejudice by adding a new element. Appellant's Brief at 24. Appellant suggests *Commonwealth v. Bricker*, 882 A.2d 1008

(Pa. Super. 2005), supports his position that the amendment was improper. We disagree.

The principles governing our review of this claim are as follows:

Pennsylvania Rule of Criminal Procedure 564 states:

The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as necessary in the interests of justice.

Pa.R.Crim.P. 564.

[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. The test to be applied is:

[W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006) (some citations and footnote omitted).

- 10 -

Factors that we must consider in determining whether a defendant was prejudiced by an amendment include: (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Id.* at 1223 (citation omitted).

In *Bricker*, the Commonwealth initially filed an information charging Appellant with possessing 0.37 grams of crack cocaine found on his person. *Bricker*, 882 A.2d at 1019-20. At trial, an officer testified that 0.37 grams of the drug could be for personal use. *Id.* at 1020. However, the officer also testified that fourteen packets of crack cocaine—which weighed 5.3 grams, and which were thrown to the ground by an individual with the defendant—were possessed for sales. *Id.* The defendant moved for judgment of acquittal at the close of the Commonwealth's case, and the Commonwealth thereafter sought to amend the information to include both the 0.37 grams initially charged, and the 5.3 grams discarded by the other individual. *Id.* The trial court granted the amendment. *Id.* The defendant was convicted of possessing 5.67 grams of crack cocaine with the intent to deliver. *Id.* at 1013.

On appeal, the *Bricker* Court concluded "the addition of [the] 5.3 grams of crack cocaine that was found on the floor . . . near [the other

J-S59040-17

individual] present[ed] a substantially different factual scenario that that which the Commonwealth charged initially." *Id.* at 1020. The Court further concluded that Appellant was prejudiced because the addition of the 5.67 grams of crack cocaine rendered his defense of possession for personal use ineffective and exposed him to greater punishment under the mandatory minimum statutes in effect at that time. *Id.* at 1021. Thus, the Court vacated the conviction and remanded for a new trial. *Id.* at 1021-22.

Instantly, the offense and grade of fleeing and eluding are defined as follows:

> **(a) Offense defined.—**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).
>
> ***
>
> **(a.2) Grading.—**
>
> (1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second degree. . . .
>
> (2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:
>
> ***
>
> (iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

- 12 -

75 Pa.C.S. § 3733(a), (a.2)(1), (a.2)(2)(iii).

There is no doubt that the amendment was substantive in nature because it added a factor that increased the grade of the offense of fleeing or eluding—*i.e.*, that Appellant endangered others during a "high-speed chase."[12] *See Commonwealth v. Gray*, 478 A.2d 822, 825 (Pa. Super. 1984); *see also Apprendi v. New Jersey*, 530 U.S. 466 (2000). Nevertheless, while the amendment added a factor that the Commonwealth had to prove beyond a reasonable doubt, the basic elements of the underlying offense of fleeing and eluding remained the same. *See* 75 Pa.C.S. § 3733(a).

Turning to the prejudice resulting from the amendment, the affidavit of probable cause indicated that Appellant drove through the mall parking lot "where multiple pedestrians were walking on foot[,]" and that he "drove his vehicle toward [an officer] and almost struck his marked patrol car." Aff. of Probable Cause, 4/28/15, at 9. Therefore, the fact that Appellant's flight from police endangered both police and the public were known to him.

Additionally, the amendment did not affect Appellant's intended defense. Unlike *Bricker*, Appellant's defense of a fear for his safety was unaffected by the amendment charging a higher grade of fleeing and eluding. *See* 75 Pa.C.S. § 3733(c)(2). Moreover, Appellant had notice of

---

[12] This Court has held that the "high-speed chase" factor in Section 3733(a.2)(2)(iii) does not require that the chase be conducted at excessive speed. *In re R.C.Y.*, 27 A.3d 227, 230-31 (Pa. Super. 2011).

the Commonwealth's intent to amend the information before trial and could have requested a continuance when the trial court granted the motion before trial. *See Sinclair*, 897 A.2d at 1223. Accordingly, we conclude that no relief is due.

Thus, finding no merit to Appellant's claims in this appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/29/2017*