J-A01015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF
PENNSYLVANIA

v.

JOHN V. HANEY

        Appellant

:   IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
:
:
:
:
:
:
:
:   No. 2090 EDA 2016

Appeal from the Judgment of Sentence May 24, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007583-2015

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:            **FILED MARCH 23, 2018**

John V. Haney appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his jury trial and conviction for simple assault, 18 Pa.C.S.A. § 2701. After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

At approximately 3:30 AM on February 7, 2015, the complainant, Michael Fisher, was in his apartment at 1100 [West] Montgomery Avenue. Complainant was a [21][]year-old junior at Temple University. There were other guests at the apartment who had been drinking. They arrived sometime after 10:00 PM. At 3:30 AM, [Haney's] Chinese food delivery arrived at the apartment. [Fisher] demanded some of [Haney's] Chinese food and when [Haney] declined, [he] ordered [Haney] to leave his apartment.

[Haney] approached [Fisher] and proceeded to pick him up and body slam him on the floor. [Fisher] was knocked unconscious by [Haney's] body slam. [Haney] then punched the unconscious [Fisher] on his unprotected head 21 times with a closed fist.

_____

* Retired Senior Judge assigned to the Superior Court.

Another individual intervened and pushed [Haney] off [Fisher]; [Haney] stomped on [Fisher's] face with his Timberland boots. The entire incident was captured by two different video recordings. The videos were uploaded to the internet where they received millions of views.

[Fisher's] face was disfigured and he was rushed to the hospital. [Fisher] spent the night in the hospital and was treated for several broken bones in his face. He suffered several fractures to his face, two lacerations that perforated his lip and mouth which resulted in scarring, [and] swelling and bruis[ing] on his face, preventing him from opening his right eye for at least 24 hours after the incident. [Fisher] also testified that he suffered a concussion for at least a month.

On February 7, 2015, at approximately 4:15 AM, Philadelphia Police arrested [Haney] and charged him with [a]ggravated [a]ssault and related offenses.

On April 7, 2016, [Haney] requested a sidebar with the judge. After the sidebar, the jury was excused and [Haney] requested permission to cross-examine [Fisher] about his intentions to file a civil suit, noting that there was a civil attorney by the name of Matt Glazer from Cozen O'Connor sitting in the courtroom. After reviewing arguments from both sides, the court denied [defense] counsel's request to cross-examine [Fisher] regarding his intentions to pursue a civil suit[,] finding that "whether or not the [c]omplainant in this matter has hired counsel on a civil matter is not relevant to the criminal complaint." And "this is a public courtroom and is open to the public.["]

At the conclusion of testimony, [Haney] requested the [trial court] instruct the jury on [s]imple [a]ssault – [f]ight [s]cuffle [u]pon [m]utual [c]onsent. [The court declined to issue the instructions.]

Trial Court Opinion, 6/7/17, at 2-3 (citations to transcript of testimony omitted).

On April 12, 2016, a jury convicted Haney of simple assault. On May 24, 2016, the trial court sentenced Haney to 4-8 months' incarceration and anger management treatment, followed by one year of probation. On June

20, 2016, Haney filed a timely notice of appeal. Both the trial court and Haney have complied with Pa.R.A.P. 1925. On appeal, Haney raises the following issues for our review:

> 1. Whether a new trial must be ordered because the [t]rial [c]ourt abused its discretion in refusing to issue a lesser included offense instruction on simple assault graded as a misdemeanor of the third degree when there was ample evidence from both Commonwealth and defense witnesses from which the jury could have concluded that [Fischer] and [Haney] entered into a fight or scuffle by mutual consent?
>
> 2. Whether a new trial must be ordered because the [t]rial [c]ourt abused its discretion when it prohibited counsel from cross-examining the complaining witness regarding his intention to pursue a civil lawsuit against [Haney] and others in order to probe his bias and/or motive to embellish his testimony or otherwise testify falsely[?]

Brief of Appellant, at 5.

Haney first avers that simple assault – fight scuffle upon mutual consent is a lesser-included offense of simple assault, and thus, he was entitled to a jury instruction on it. Haney also argues that "mutual consent" is an affirmative defense to simple assault. Both arguments are unavailing.

Our standard of review in determining whether the trial court erred in not granting a defendant's request for jury instructions is as follows:

> There is no requirement for the trial judge to instruct the jury pursuant to every request made to the court. In deciding whether a trial court erred in refusing to give a jury instruction, we must determine whether the court abused its discretion or committed an error of law.
>
> ***A defendant is entitled to a charge on a lesser-included offense only where the offense has been made an issue in the case and the evidence would reasonably***

> ***support such a verdict.*** Instructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury.

***Commonwealth v. Phillips***, 946 A.2d 103, 110 (Pa. Super. 2008) (quotation marks and citations omitted) (emphasis added).

The Commonwealth argues that simple assault arising from a fight or scuffle by mutual consent is not a lesser-included offense of simple assault. We agree. Simple assault by mutual consent is a matter of grading only. Section 2701 states, in relevant part, as follows:

> **(a) Offense defined.--**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
>> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]
>
> \* \* \*
>
> **(b) Grading.--**Simple assault is a misdemeanor of the second degree unless committed:
>
>> (1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third-degree[.]

18 Pa.C.S.A. § 2701.

Subsection 2701(b)(1) requires that an assault occur in a mutually consensual fight or scuffle, an element unnecessary to prove simple assault under section 2701(a)(1). ***See Commonwealth v. Norley***, 55 A.3d 526, 530 (Pa. Super. 2012) ("[S]ection 2701(a)(1) sets forth the elements of the crime of simple assault, and . . . a mutual fight or scuffle is merely a grading consideration[.]"). ***See also Commonwealth v. Pellecchia***, 925 A.2d 848, 851 (Pa. Super. 2008) (crime is considered lesser-included offense when the

elements of that crime are necessary subcomponent of elements of another crime). Therefore, simple assault by mutual consent is not, as Haney contends, a lesser-included offense of simple assault. Accordingly, the trial court did not err in declining to issue the requested instructions.[1]

Haney also argues that even if simple assault by mutual consent is not a lesser-included offense, it is an affirmative defense to simple assault under subsection 2701(a)(1). However, we discern nothing in the record suggesting Haney preserved an affirmative defense argument for appeal. Pa.R.A.P. 302(a) ("Issues not raised on the lower court are waived and cannot be raised for the first time on appeal."). Rather, Haney argued that the trial court should have permitted the jury to consider simple assault by mutual consent instructions:

> **HANEY'S COUNSEL**: [I]f the Court takes a look at simple assault, M-3, usual fight or scuffle, the law says that if people engage in a fight by mutual consent that they are not guilty of simple assault. It is only if the consent is involuntary that they are guilty of a mutual scuffle. . . . The Jury could believe, they could believe, that [the complainant] and [Haney] entered into a mutual fight, they both agreed, they both fight and what happened in the fight

---

[1] Moreover, the undisputed evidence suggests that Haney intentionally caused bodily injury to Fisher. Haney delivered 21 closed fist blows to Fisher's head after he rendered Fisher unconscious by a deliberate body slam. The trial court determined that the only rational inference it could draw from Haney's actions was that he intentionally caused Fisher serious bodily injury. *Commonwealth v. Coleman*, 496 A.2d 1207, 1209 (Pa. Super. 1985) (trial court must charge on lesser included offense only if there is some disputed evidence concerning element of greater charge or if disputed evidence is capable of more than one rational inference).

happened in the fight, [Haney] is guilty of simple assault, a misdemeanor of the [third] degree.

N.T. Jury Trial, 4/7/16, at 154. Haney, at no point, explicitly argues that mutual consent is an affirmative defense to simple assault. Accordingly, we find this issue waived.

Haney next claims that the trial court should have allowed him to cross-examine the victim regarding his intention to pursue a civil suit against Haney. Specifically, Haney argues that trial counsel should have been allowed to establish, on the record, that the victim was biased and had a motive to fabricate or embellish testimony.

Our standard of review of the admissibility of evidence is well settled.

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

> Relevance is the threshold for admissibility of evidence. Pennsylvania Rule of Evidence 401 provides as follows:

> **Rule 401. Test for Relevant Evidence**

> Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

> (b) the fact is of consequence in determining the action.

> Pa.R.E. 401. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. "All relevant evidence is admissible,

except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.

***Commonwealth v. Tyson***, 119 A.3d 353, 357-58 (Pa. Super. 2015) (citations and quotation marks omitted).

Furthermore, "[a] trial court has discretion to determine both the scope and permissible limits of cross-examination." ***Commonwealth v. Briggs***, 12 A.3d 291, 335 (Pa. 2011). "The trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of discretion, or an error of law." ***Id.*** (quotation omitted).

Ordinarily, the scope of cross-examination of an adverse witness is limited to matters brought out on direct-examination, with the exception that the trial court may permit questions outside the scope of direct examination to show bias on the part of the witness. ***Commonwealth v. La***, 640 A.2d 1336, 1350 (Pa. Super. 1994). However, the trial court cannot allow cross-examination to become a fishing expedition, where an examiner may ask questions based on a subjective hunch, or worse, based on nothing at all. ***In Interest of M.M.***, 653 A.2d 1271, 1277 (Pa. Super. 1995).

Here, Haney moved to question Fisher on his supposed personal interest in a potential civil suit. At the time of Haney's trial, Fisher had not filed a civil action or contacted Haney regarding a possible suit or settlement. Rather, Haney became suspicious that a civil matter was imminent after identifying a civil attorney present in the courtroom at his criminal trial. Presently, Haney supports his argument by attaching a copy of Fisher's civil complaint to his Rule 1925(b) statement; however, Fisher filed this civil complaint

- 7 -

approximately eight months after the conclusion of Haney's trial. **Contra Commonwealth v. Butler**, 601 A.2d 268, 271 (Pa. 1991) (defendant should have been afforded opportunity to cross-examine witness, who was defendant in civil suit instituted by defendant, with evidence of civil suit, as outcome of trial could materially affected probability of success in contemporaneous civil action).

In light of the foregoing, we discern no abuse of discretion by the trial court in failing to permit Haney to cross-examine Fisher where the mere presence of a civil attorney in a public courtroom was insufficient to support Haney's allegation that Fisher was contemplating a civil suit at the time of trial. **Tyson**, **supra**; **In Interest of M.M.**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/18